[Civ. No. 64309. Second Dist., Div. Three. Feb. 18, 1983.]

S. MYRON KLARFELD et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**[Opinion certified for partial publication.*]**

*Certified for publication, with the exception of section 1 of Discussion (p. 548).

**COUNSEL**

S. Myron Klarfeld, in pro. per., and Klarfeld & Prescott for Plaintiffs and Appellants.

George Deukmejian, Attorney General, and John J. Crimmins, Deputy Attorney General, for Defendant and Respondent.

OPINION

DANIELSON, J.—Plaintiffs S. Myron Klarfeld, Carmen Cintron and Transparent Glass Coating Co., Inc. (hereafter Transparent Glass Coating), have appealed from the judgment denying them a declaration of rights and an injunction.

FACTS

On June 10, 1980, plaintiffs filed their first amended complaint for declaratory relief and a temporary restraining order and preliminary injunction.

They sought a declaration that Vehicle Code sections 26708 and 26708.5 were unconstitutional, overly broad and vague, and they sought to restrain defendant State of California from enforcing the statutes by issuing traffic citations or preventing the use of motor vehicles with transparent window coatings such as those applied by Transparent Glass Coating.

The complaint alleged as follows: Plaintiff Klarfeld was the owner of an automobile for which he could not easily obtain replacement glass with tint. The only way in which he believed that he could easily obtain tinted windows was by using an applied tint such as would be applied by Transparent Glass Coating. Plaintiff Cintron was the owner of an automobile which had tinted windows that had not been installed by the manufacturer, but which had an applied coating such as that applied by Transparent Glass Coating. She had been cited by the California Highway Patrol for a violation of Vehicle Code section 26708, subdivision (a), for having an obstructed view in her automobile because she had tinted forward side windows in her car. The citation had been dismissed on May 5, 1980, when the prosecutor failed to oppose her motion to dismiss. However, she feared that she would be cited again. Transparent Glass Coating was in the business of manufacturing and installing tint which it applied to existing vehicle windows. It was concerned that its operations could be enjoined pursuant to Vehicle Code sections 26708 and 26708.5 because it was installing tints such as Cintron was cited for having on her windows. The state had obtained a preliminary injunction against another installer of tint which was also a customer of Transparent Glass Coating, putting the other installer out of business.[1]

---

[1] Vehicle Code section 26708 read as follows: "(a) No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied upon the windshield, or side or rear windows, or with any object or material so placed, displayed, installed, affixed, or applied in or upon the vehicle as to obstruct or reduce the driver's clear view through the windshield or side windows.
"(b) This section shall not apply to:
"    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .
"(4) Side windows which are to the rear of the driver.
"    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .
"(8) The rear window or windows, when the motor vehicle is equipped with outside mirrors

In the record on appeal, plaintiffs have included, without filing stamps, the declarations of Klarfeld, Cintron, Jerry Gross and Roger Leonard (for Transparent Glass Coating), and Leonard Glen King.

In his declaration, Klarfeld stated that he had learned that Transparent Glass Coating's associate, Dennis Baldock, an independent glass tinter, was out of business; that he wished to have tinted glass put on his own Volvo but was unable to determine if he should hire Transparent Glass Coating to do so because he could not determine if it was a "factory" within the meaning of the statutes and was unable to obtain tinted glass for his car in any other way. He also alleged that he believed that the state was attempting to hire Transparent Glass Coating to tint the windows of a police vehicle in order to prosecute. He stated his position that the sections were void as vague and uncertain and, therefore, violated due process, were discriminatory, and were a restraint of trade.

In her declaration, Cintron stated that she had been cited for having tinted windows on her car; that she had an older Mercedes which she had wished to "dress up" and that she had wished to cut down on glare and heat and had therefore had the tint applied. She stated that she believed that she would continue to get citations and that she was in doubt about what kind of tinted windows she could legally install.

Jerry Gross stated that he was the president of Transparent Glass Coating and had been in business for four years. He further stated that Mr. Baldock was one of his customers, who had been put out of business in Riverside County (apparently he made reference to the preliminary injunction, which was attached as an exhibit to the complaint). He stated that he was uncertain whether the term "factory-installed" in Vehicle Code section 26708.5 included his process and that, if it did not, he believed that the sections discriminated against his company. He also alleged that he feared that he was being "set up" when local

---

on both the left- and right-hand sides of the vehicle that are so located as to reflect to the driver a view of the highway through each mirror for a distance of at least 200 feet . . . .

"(c) Notwithstanding subdivision (a), transparent material may be installed, affixed, or applied to the topmost portion of the windshield if:

"(1) The bottom edge of the material is at least 29 inches above the undepressed driver's seat . . . .

"(2) The material is not red or amber in color.

" .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ."

Section 26708.5 provides as follows: "It is unlawful for any person to place, install, affix, or apply any transparent material upon the windshield, or side or rear windows, of any motor vehicle if the material alters the color or reduces the light transmittance of the windshield or side or rear windows, except as provided in subdivision (b) or (c) of Section 26708.

"This section does not apply to factory-installed tinted glass or the equivalent replacement thereof."

police officers had insisted that his company tint windows of their cars, including the front and front side windows.

In his declaration, Roger Leonard stated that he had been a sales director for Transparent Glass Coating for two years and had informed customers that he was in doubt about the legality of the process and was still in doubt.

Leonard Glen King stated in his declaration that he owned a 1979 Volkswagen and that on May 28, 1980, he had been cited by a California Highway patrol officer for having tinted windows, but that a Los Angeles police officer had inquired where he had had his windows tinted because the officer wanted to have his own windows tinted (apparently suggesting to Mr. King some uncertainty about the law).

On October 9, 1980, the state answered the complaint, denying the charging allegations and admitting the authenticity of the preliminary injunction against Baldock and that the Vehicle Code section provided as alleged. Defendant admitted the allegation that a controversy existed.

The state placed before the court the declaration of Warren M. Heath, chief automotive equipment standards engineer for the Department of the California Highway Patrol. One of his duties was to respond to inquiries from manufacturers and installers about state and federal statutes and regulations on safety glazing materials. He stated that the purpose of his declaration was to state the department's position on the interpretation of the phrase, "factory-installed tinted glass or the equivalent replacement thereof" in Vehicle Code section 26708.5.

He stated that under Vehicle Code section 26103, subdivision (b), the provisions of the Federal Motor Vehicle Safety Standards (hereafter the FMVSS), promulgated under the authority of the National Traffic and Motor Vehicle Safety Act of 1966 (15 U.S.C. §§ 1381-1431), prevail over state Vehicle Code provisions or standards promulgated by the California Highway Patrol.

He summarized the federal safety standards, contained in 49 Code of Federal Regulations, sections 571.101 through 571.302, as follows:

The purpose of the regulations is "to ensure a necessary degree of transparency in motor vehicle windows for driver visibility, . . ." (49 C.F.R. § 571.205 S2 (1982).) The regulations adopted by reference the specifications and methods of testing put forth by the American National Standard "Safety Code for Safety Glazing Materials for Glazing Motor Vehicles Operating on Land Highways" of 1966, as supplemented in 1969. (49 C.F.R. § 571.205 S5.1.1 (1982).) A copy of that standard was placed in evidence before the trial court.

Mr. Heath summarized the standard as requiring that safety glazing sold for motor vehicles comply with certain specific tests for light transmittance, among other things. He also stated that each piece of glass which meets the safety standards is marked as "AS-1" or "AS-2" with only "AS-1" being allowable for windshields. Glass marked "AS-3" is glass that transmits less than 70 percent of the light and is permitted only in certain side and rear windows in trucks and buses or at levels not required for driving visibility. The types of glass which are rated and approved as described are those which are tinted by coloring the molten glass at the factory or by using a colored plastic inner layer.

Mr. Heath made the following statements with regard to the points at issue in the complaint:

"15. The term 'factory-installed tinted glass or the equivalent replacement thereof' in Vehicle Code Section 26708.5 is interpreted by the Department of the California Highway Patrol as meaning safety glazing material that complies with FMVSS 205.

"16. 'Factory-installed' is interpreted by the Department of the California Highway Patrol as meaning tinted glass manufactured by a prime glazing manufacturer which meets the requirements of FMVSS 205 and is installed by the vehicle manufacturer.

"17. 'The equivalent replacement thereof' is interpreted by the Department of the California Highway Patrol as meaning tinted glass that meets the requirements of FMVSS 205, but which is not installed by the vehicle manufacturer, such as replacement tinted glass.

"18. The Department of the California Highway Patrol does not interpret Vehicle Code Section 26708.5 as restricting the persons or entities who may install tinted glass to 'factories' or any other group.

"19. The original glazing in a vehicle is required to be manufactured to comply with FMVSS 205. Federal law prohibits a manufacturer, distributor, dealer or motor vehicle repair business from knowingly rendering inoperative any device or element of design installed on or in a motor vehicle or item of motor vehicle equipment in compliance with a federal standard. (15 U.S.C. § 1397(a)(2)(A).) Any modification or replacement of glazing that does not comply with FMVSS may constitute a violation of the federal statute."

As to Klarfeld's allegations, Mr. Heath stated as follows: "21. . . . AS-1 and AS-2 tinted glass is available from a variety of foreign and domestic manufacturers, although there may be a long delivery time for glass shaped to fit the windows of a particular car."

As to the allegations made by Transparent Glass Coating, he stated as follows: "22. Vehicle Code Sections 26708 and 26708.5 do not prohibit the application of additional tint of any density to the rear window and the side windows behind the driver, and many private firms have been making such installations for years."

Mr. Heath also described the state regulations and requirements and the history of the state Vehicle Code sections on the topic. He stated that pursuant to Vehicle Code section 26704, the Highway Patrol adopted regulations found in title 13 of the California Administrative Code requiring that vehicle glass comply with the above-described federal standards. In 1961, Vehicle Code section 26708 was first amended to prohibit driving a motor vehicle with any material that would reduce the driver's clear view, placed upon the windshield and windows. Before that, only nontransparent objects had been prohibited on certain windows. In 1967, the prohibition of tinting was expanded to include the windows beside the driver. Section 26708.5 was added in 1972 to make it unlawful to *apply* material to the windshield or windows beside the driver; section 26708 had only prohibited *driving* with such material on the windows.

On March 4, 1981, the trial court announced its decision that it would give judgment for the defendant on the ground that there was no actual case or controversy and that plaintiffs were not threatened with injury.

On March 11, 1981, plaintiffs filed a motion for leave to file an amended complaint. In his declaration in support of the motion, Klarfeld alleged that approximately 15 defendants had had judgments rendered against them pursuant to the Vehicle Code sections in question and that approximately 8 of those cases were then pending on appeal. He sought leave to amend the complaint to add Karl Cornell, Louis Garcia, and Kirk Jeffery as plaintiffs, and he alleged that the relief sought in the complaint affected him both in his individual capacity and as a representative of the other plaintiffs and the defendants in the other cases mentioned.

In their proposed amended complaint, plaintiffs alleged that four persons, by the names of Karl Cornell, Louis Garcia, Lowell Weinerman and Harvey Lew, had been cited for violations of the Vehicle Code section in question. The remainder of the complaint was the same as the first amended complaint on which the trial court had already announced its decision.

On March 11, 1981, plaintiffs moved for reconsideration of the court's decision. They alleged that "irreputable [*sic*] [irreparable] injury is now threatening Plaintiffs herein and a similarly situated group of Defendants in other judicial proceedings."

On April 3, 1981, the trial court denied plaintiffs' motion for reconsideration, for leave to file an amended complaint, and for a temporary or preliminary injunction. The motion to file an amended complaint was denied as untimely.

On that same day, the court entered judgment for defendants. The judgment reads, in pertinent part, as follows:

"1. Plaintiffs are not entitled to a declaratory judgment concerning the meaning of Vehicle Code sections 26708 and 26708.5 inasmuch as there is no actual controversy relating to the legal rights and duties of the parties concerning those sections.

"2. Plaintiffs are not entitled to a permanent injunction because they are not threatened with injury, irreparable or otherwise, by defendants."

We are of the opinion that plaintiffs are entitled to a declaration of rights, but that the rights of plaintiffs are as set forth in the statutes and the declaration of Mr. Heath.

## DISCUSSION

1. . . . . . . . . . . . . . . . . . . . . . . . .*

### 2. *The Statutes and Regulations*

■ Although plaintiffs are entitled to a declaration, we also find that the statutes and regulations in question are not unconstitutional and that the agency's position, as set forth above in the declaration of Warren M. Heath, on behalf of the Department of the California Highway Patrol, including the federal regulations and standards, correctly sets forth the rights and duties of the parties to this action.

■ "An administrative application of the language of an act is entitled to respect by the courts, and unless clearly erroneous is a significant factor to be considered. . . ." (*Mudd* v. *McColgan* (1947) 30 Cal.2d 463, 470 [183 P.2d 10].)

■ Reasonable certainty is all that is required of a statute, and a statute will not be held void for vagueness if any reasonable and practical construction can be made of its language or if it can be made reasonably certain by reference to other definable sources. (See *In re Marriage of Walton* (1972) 28 Cal.App.3d 108, 116 [104 Cal.Rptr. 472].)

■ Enactments should be construed to uphold their validity, whenever possible, and the courts will construe enactments to give specific content to

*See footnote, *ante,* page 541.

terms that might otherwise be unconstitutionally vague. ■ One statute may be construed with reference to another, more specific, statute or to an administrative regulation. (*Associated Home Builders etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 598-599 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038].)

■ We further set forth the following:

Vehicle Code section 26100 provides as follows: "No person shall sell or offer for sale for use upon or as part of the equipment of a vehicle, nor shall any person use upon a vehicle, any . . . safety glazing material, or other device that does not meet the provisions of Section 26104. . . ."

Section 26101 provides as follows: "No person shall sell or offer for sale for use upon or as part of the equipment of a vehicle, nor shall any person use upon a vehicle, any device which is intended to modify the original design or performance of any . . . safety glazing material, or other device, unless the modifying device meets the provisions of Section 26104. . . ."

Section 26103 provides as follows: "(a) The department may adopt and enforce regulations establishing standards and specifications for . . . safety glazing material, . . . The standards and specifications may include installation . . . requirements.

"(b) If there exists a Federal Motor Vehicle Safety Standard adopted pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 (15 U.S.C. 1381, et seq.) covering the same aspect of performance of a device, the provisions of that standard shall prevail over provisions of this code or regulations adopted pursuant to this code. . . . [D]evices, and equipment certified by the manufacturer to meet applicable federal motor vehicle safety standards as original equipment on new vehicles and the identical replacements for those items need not be certified to the Department of the California Highway Patrol."

Section 26104 provides as follows: "(a) Every manufacturer who sells, offers for sale, or manufactures for use upon a vehicle devices subject to requirements established by the department shall, before the device is offered for sale, have laboratory test data showing compliance with such requirements. Tests may be conducted by the manufacturer."

Section 26701 provides as follows: "(a) No person shall sell, offer for sale, or operate any motor vehicle, . . . unless it is equipped with safety glazing material wherever glazing materials are used in interior partitions, doors, windows, windshields, . . .

". . . . . . . . . . . . . . . . . . . . . . . ."

"(d) No person shall sell, offer for sale, or operate any motor vehicle equipped with red or amber glazing material in any partitions, windows, windshields, or wind deflectors. . . ."

Section 26703 provides as follows:

". . . . . . . . . . . . . . . . . . . . . . ."

"(b) No person shall replace any glazing material used in the windshield, rear window, auxiliary wind deflectors, or windows to the left and right of the driver with any material other than safety glazing material."

Section 26704 provides as follows: "Wherever the term 'safety glazing material' is used in this article, it means safety glazing material of a type meeting requirements established by the department."

The terms used in the above statutes, and in sections 26708 and 26708.5, are not unconstitutionally vague.

The regulations under federal law and the administrative interpretation of the statutes and regulations, as set forth in Mr. Heath's declaration, provide an adequate definition of "factory-installed tinted glass or the equivalent replacement thereof," as used in section 26708.5.

It is clear that transparent coating may not be applied to a windshield or the front windows to the sides of the driver. However, it can be applied to the side windows which are to the rear of the driver, and to the rear window, if the vehicle is equipped with mirrors as required by section 26708, subdivision (b)(8). It could also be applied to the windshield if it is within the specifications of section 26708, subdivision (c).

3. *The Injunction*

The injunction was properly denied, Plaintiffs were entitled to a declaration of rights, but they have failed to show any facts entitling them to any affirmative relief. (See *California Water & Telephone Co.* v. *County of Los Angeles* (1967) 253 Cal.App.2d 16 at p. 32 [61 Cal.Rptr. 618].)

DISPOSITION

Although the procedures used by the trial court to reach its result are unclear from the record before this court on appeal, any error in that regard is not

prejudicial where it appears from the papers on file with this court that any declaration of rights would necessarily have been adverse to plaintiffs. In such a case, it is unnecessary to remand the case for modification of the judgment. This opinion will serve as a declaration of the rights of the parties in this controversy. (See *Szabo* v. *Board of Osteopathic Examiners* (1982) 129 Cal. App.3d 958 at pp. 968-969 [181 Cal.Rptr. 473]; Code Civ. Proc., § 909.)

The judgment is affirmed.

Potter, Acting P. J., and Lui, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 5, 1983.