TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

OPINION

of

DANIEL E. LUNGREN
Attorney General

ANTHONY S. Da VIGO
Deputy Attorney General

:
:
:
:
:
:
:
:
:
:
:
:
:

No. 93-101

December 8, 1993

---

THE COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING has requested an opinion on the following questions:

1. May the Commission on Peace Officer Standards and Training adopt a regulation authorizing the withdrawal or cancellation of a valid certificate previously issued by it to a peace officer who has been convicted of, or entered a plea of guilty or nolo contendere to, an offense punishable in the discretion of the court by imprisonment in the state prison or by fine or imprisonment in the county jail, and (A) for which punishment has been imposed other than imprisonment in the state prison, or (B) for which probation was granted without imposition of sentence and at the time of granting probation, or thereafter upon the application of the defendant or probation officer, the court declared the offense to be a misdemeanor?

2. May the Commission on Peace Officer Standards and Training adopt a regulation authorizing the withdrawal or cancellation of a valid certificate previously issued by it to a peace officer who has been adjudicated by a court of competent jurisdiction as a person falling within the peace officer disqualification provisions of Government Code section 1029, subdivision (a)?

CONCLUSIONS

1. Without specificity regarding moral unfitness, the Commission on Peace Officer Standards and Training may not adopt a regulation authorizing the withdrawal or cancellation of a valid certificate previously issued by it to a peace officer who has been convicted of, or entered a plea of guilty or nolo contendere to, an offense punishable in the discretion of the court by imprisonment in the state prison or by fine or imprisonment in the county jail, and (A) for which punishment has been imposed other than imprisonment in the state prison, or (B) for which probation has been granted without imposition of sentence and at the time of granting probation, or thereafter upon application of the defendant or probation officer, the court declared the offense to be a misdemeanor.

2. The Commission on Peace Officer Standards and Training may adopt a regulation authorizing the withdrawal or cancellation of a valid certificate previously issued by it to a peace officer who has been adjudicated by a court of competent jurisdiction as a person falling within the peace officer disqualification provisions of Government Code section 1029, subdivision (a).

ANALYSIS

The Commission on Peace Officer Standards and Training ("commission") is part of the Department of Justice and is governed and administered pursuant to a detailed legislation scheme (Pen. Code, §§ 13500-13553).[1] Among its responsibilities pertinent to this analysis are those specified in section 13510:

> "For the purpose of raising the level of competence of local law enforcement officers, the commission shall adopt, and may from time to time amend, rules establishing minimum standards relating to physical, mental, and moral fitness which shall govern the recruitment of . . . [designated peace officers], and shall adopt, and may from time to time amend, rules establishing minimum standards for training of . . . [designated peace officers] . . ."

Section 13510.1 provides additional responsibilities as follows:

> "(a) The commission shall establish a certification program for peace officers . . . .
>
> "(b) Basic, intermediate, advanced, supervisory, management, and executive certificates shall be established for the purpose of fostering professionalization, education, and experience necessary to adequately accomplish the general police service duties performed by peace officer[s] . . . .
>
> "(c)(1) Certificates shall be awarded on the basis of a combination of training, education, experience, and other prerequisites, as determined by the commission.
>
> " . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> "(e) Certificates remain the property of the commission and the commission shall have the power to cancel any certificate.
>
> "(f) The commission shall cancel certificates issued to persons who have been convicted of, or entered a plea of guilty or nolo contendere to, a crime classified by statute or the Constitution as a felony."

Certain peace officers, including deputy sheriffs and police officers, are required to obtain a basic certificate issued by the commission as a condition of continued employment as a peace officer. (§ 832.4, subd. (a).)

The two inquiries presented are whether the commission may adopt a regulation authorizing the cancellation of a certificate previously issued by it to a peace officer (1) who has been convicted of an offense which is punishable as a felony or misdemeanor and (A) for which punishment as a misdemeanor is imposed or (B) for which probation is granted without imposition

---

[1]Undesignated section references herein are to the Penal Code.

of sentence and which is declared a misdemeanor, or (2) who has been adjudicated as a person described in Government Code section 1029, subdivision (a). We conclude that the commission has the authority to adopt the regulation with respect to the latter situation but not the former.

1.  Section 17 Felonies and Misdemeanors

Section 17 provides in pertinent part:

"(a) A felony is a crime which is punishable with death or by imprisonment in the state prison.  Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions.

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

"(1) After a judgment imposing a punishment other than imprisonment in the state prison.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

In 58 Ops.Cal.Atty.Gen. 886, 887 (1975) we explained that some crimes are both felonies and misdemeanors at different times under the terms of section 17:

". . . except where a crime is specifically charged as a misdemeanor, the character of the crime which is punishable by either state prison or county jail, is determined by the punishment specified by the court.  Penal Code section 17, as applied to a crime which is punishable either as a felony or as a misdemeanor, requires that the charge stand as a felony *for every purpose* up to judgment.  *People v. Banks*, 53 Cal.2d 370, 381 (1959).  Indeed, if it is adjudged a misdemeanor, it is deemed a misdemeanor for all purposes thereafter, but the judgment does not have a retroactive effect.  *People v. Banks, supra, see also Doble v. Superior Court,* 197 Cal. 556, 576-577 (1925); *People v. Bozigian* 270 Cal.App.2d 373, 379 (1969)."

Hence, certain felonies become misdemeanors after judgment is imposed by a court.

The events described in subdivision (b)(1) and (b)(3) of section 17 occur after a finding of guilt by the court or upon a verdict, at which time the felony has become a misdemeanor. The primary issue to be resolved is whether in such circumstances the person has been "convicted of, or entered a plea of guilty or nolo contendere to . . . a felony" for purposes of section 13510.1, subdivision (f).  If so, regardless of the fact that the offense may later become a misdemeanor, the commission would be required to cancel the person's peace officer certificate, as directed in subdivision (f).

The critical question is:  at what point is a person "convicted" as specified in subdivision (f) of section 13510.1?  In a comprehensive analysis, we have previously considered the nature of a "conviction" in the context of various laws providing for disqualification of or exclusion from public office.  In 57 Ops.Cal.Atty.Gen. 374 (1974), it was concluded that a conviction consists

of a verdict or finding of guilt by the court "followed by a judgment of the trial court upholding and implementing such verdict or finding." (Id., 383.) A conviction thus includes the imposition of judgment by the court.

The additional phrase "or entered a plea of guilty or nolo contendere to"[2] contained in subdivision (f) of section 13510.0 does not refer to the nature of the offense at the moment of the entry of the plea. Rather, it refers to the nature of the offense as ultimately determined by the court pursuant to section 17, subdivision (b)(1) or (b)(3). As we previously explained, "the character of the crime . . . is determined by the punishment specified by the court." (58 Ops.Cal.Atty.Gen., *supra*, at p. 887.) It would, of course, be wholly incongruous to treat differently those who have entered a plea of guilty as distinguished from those who have been convicted upon a finding of guilt by a court or jury.

Hence, in our view subdivision (b)(1) and (b)(3) of section 17 pertains exclusively to *misdemeanors* under the circumstances therein described and provides no basis for the cancellation of a certificate under the terms of subdivision (f) of section 13510.1 pertaining to *felony* convictions. (Cf. *People v. Hamilton* (1948) 33 Cal.2d 45, 50 [witness could not be impeached after conviction deemed a misdemeanor under section 17].)

Section 13510.1, subdivision (e), however, provides that ". . . the commission shall have the power to cancel any certificate." While subdivision (f) of the statute is mandatory, subdivision (e) is permissive. It remains to be determined, therefore, whether the commission *may* adopt a regulation authorizing the cancellation of the certificates of those who have been convicted of a misdemeanor within the description and circumstances of section 17, subdivision (b)(1) or (b)(3).

If subdivision (e) of section 13510.1 were construed literally to authorize the commission to "cancel any certificate" without regard to perceived legislative standards or guidelines, the statute would be subject to challenge as an unconstitutional delegation of legislative power. (See *Kugler v. Yocum* (1968) 69 Cal.2d 371, 375-377; 64 Ops.Cal.Atty.Gen. 503, 511-512 (1981).) However, a statute must be construed, if possible, in favor of its constitutional validity. (*In re Rodriguez* (1975) 14 Cal.3d 639, 651; 64 Ops.Cal.Atty.Gen. 894, 899 (1981).) A court will construe an enactment to give specific content to terms that might otherwise be unconstitutionally vague. (*Klarfeld v. State of California* (1983) 142 Cal.App.3d 541, 548; 66 Ops.Cal.Atty.Gen. 367, 368 (1983).) Accordingly, we shall first determine the existence of perceived legislative standards or guidelines, and then examine whether cancellation based solely upon a section 17, subdivision (b)(1) or (b)(3) misdemeanor violation would be justified under such standards or guidelines.

It may be suggested that subdivision (e) of section 13503 provides the requisite legislative standards, since it authorizes the commission "[t]o develop and implement programs to increase the effectiveness of law enforcement." However, we do not view this language as having any probative assistance inasmuch as the power to cancel a certificate does not appear to be a "program" as portended in section 13503.

Section 13510, authorizing the commission to adopt rules establishing minimum standards of physical, mental, and moral fitness for purposes of recruitment, does appear to provide sufficient legislative standards and is not irrelevant because of its specific reference to recruitment.

---

[2]The Latin phrase means "I will not contest it." The court is required to "ascertain whether the defendant completely understands that a plea of nolo contendere shall be considered the same as a plea of guilty . . . ." (§ 1016.)

The implication that persons falling below those minimum standards should not be initially employed as peace officers provides a reasonable basis for cancelling the certificate of any person who fails to maintain such standards.

Nevertheless, we cannot agree that every section 17, subdivision (b)(1) or (b)(3) misdemeanor conviction is a necessary indicator of unfitness without regard to the individual circumstances. We believe that the offense must be one involving moral turpitude demonstrating unfitness to be a peace officer (see *Call* v. *State Bar* (1955) 45 Cal.2d 104, 109; *In re Hallinar* (1954) 43 Cal.2d 243, 247-248), not merely involving "private" or other conduct which would not so demonstrate unfitness (see *Pettit* v. *State Board of Equalization* (1973) 10 Cal.3d 29, 34-35; *Morrison* v. *State Board of Equalization* (1969) 1 Cal.3d 214, 223; *Orloff* v. *Los Angeles Turf Club, Inc.* (1951) 36 Cal.2d 736, 741) sufficient to meet the legislative standards of section 13510.

We find no other purported statutory basis for the commission's regulation in question. Since we are asked generally and without specificity regarding moral unfitness, we conclude that the commission may not adopt a regulation authorizing the withdrawal or cancellation of a valid certificate previously issued by it to a peace officer who has been convicted of, or entered a plea of guilty or nolo contendere to, an offense punishable in the discretion of the court by imprisonment in the state prison or by fine or imprisonment in the county jail, and (A) for which punishment has been imposed other than imprisonment in the state prison, or (B) for which probation has been granted without imposition of sentence and at the time of granting probation, or thereafter upon application of the defendant or probation officer, the court declared the offense to be a misdemeanor.

2. Government Code Section 1029 Disqualifications

With regard to the second inquiry, Government Code section 1029 provides:

"Except as provided in subdivision (b), (c), or (d), each of the following persons is disqualified from holding office as a peace officer or being employed as a peace officer of the state, county, city, city and county or other political subdivision, whether with or without compensation, and is disqualified from any office or employment by the state, county, city, city and county or other political subdivision, whether with or without compensation, which confers upon the holder or employee the powers and duties of a peace officer:

"(1) Any person who has been convicted of a felony in this state or any other state.

"(2) Any person who has been convicted of any offense in any other state which would have been a felony if committed in this state.

"(3) Any person who has been charged with a felony and adjudged by a superior court to be mentally incompetent . . . .

"(4) Any person who has been found not guilty by reason of insanity of any felony.

"(5) Any person who has been determined to be mentally disordered sex offender . . . .

"(6)  Any person adjudged addicted or in danger of becoming addicted to narcotics, convicted, and committed to a state institution . . . .

"(b) Any person who has been convicted of a felony, other than a felony punishable by death, in this state or any other state, or who has been convicted of any offense in any other state which would have been a felony, other than a felony punishable by death, if committed in this state, and who demonstrates the ability to assist persons in programs of rehabilitation may hold office and be employed as a parole officer of the Department of Corrections or the Department of the Youth Authority, or as a probation officer in a county probation department, if he or she has been granted a full and unconditional pardon for the felony or offense of which he or she was convicted.  Notwithstanding any other provision of law, the Department of Corrections or the Department of the Youth Authority, or a county probation department, may refuse to employ any such person regardless of his or her qualifications.

"(c) Nothing in this section shall be construed to limit or curtail the power or authority of any board of police commissioners, chief of police, sheriff, mayor, or other appointing authority to appoint, employ, or deputize any person as a peace officer in time of disaster caused by flood, fire, pestilence or similar public calamity, or to exercise any power conferred by law to summon assistance in making arrests or preventing the commission of any criminal offense.

"(d) Nothing in this section shall be construed to prohibit any person from holding office or being employed as a superintendent, supervisor, or employee having custodial responsibilities in an institution operated by a probation department, if at the time of the person's hire a prior conviction of a felony was known to the person's employer, and the class of office for which the person was hired was not declared by law to be a class prohibited to persons convicted of a felony, but as a result of a change in classification, as provided by law, the new classification would prohibit employment of a person convicted or a felony."[3]

Besides the disqualifying provisions of subdivision (a) of section 1029, we note the minimum standards for peace officers contained in Government Code section 1031:

"Each class of public officers or employees declared by law to be peace officers shall meet all of the following minimum standards:

"(a) Be a citizen of the United States or a permanent resident alien who is eligible for and has applied for citizenship, except as provided in Section 2267 of the Vehicle Code.

"(b) Be at lease 18 years of age.

---

[3]In accord with our interpretation of the term "convicted" as contained in section 13510.1, subdivision (f), a conviction for purposes of Government Code section 1029 encompasses a determination of guilt and judgment.  Where ". . . a civil disability flows as a consequence of the conviction, the majority and better rule is that `conviction' must include both the guilty verdict (or guilty plea) *and* a judgment entered upon such verdict or plea."  (*Boyll v. State Personnel Board* (1983) 146 Cal.App.3d 1070, 1074.)

"(c) Be fingerprinted for purposes of search of local, state, and national fingerprint files to disclose any criminal record.

"(d) Be of good moral character, as determined by a thorough background investigation.

"(e) Be a high school graduate, pass the General Education Development Test indicating high school graduation level, or have attained a two-year degree from a college or university accredited by the Western Association of Colleges and Universities; provided that this subdivision shall not apply to any public officer or employee who was employed, prior to the effective date of the amendment of this section made at the 1971 Regular Session of the Legislature, in any position declared by law prior to the effective date of such amendment to be peace officer positions.

"(f) Be found to be free from any physical, emotional, or mental condition which might adversely affect the exercise of the powers of a peace officer. Physical condition shall be evaluated by a licensed physician and surgeon. Emotional and mental condition shall be evaluated by a licensed physician and surgeon or by a licensed psychologist who has a doctoral degree in psychology and at least five years of postgraduate experience in the diagnosis and treatment of emotional and mental disorders.

"This section shall not be construed to preclude the adoption of additional or higher standards, including age."[4]

We believe that Government Code sections 1029 and 1031 provide a constitutionally adequate basis for guidance by the commission in the performance of its delegated power under section 13510.1, subdivision (e), to "cancel any certificate." Inasmuch as the regulation under consideration provides for a determination by a court of an individual's status which would constitute a disqualification, no issue arises concerning the exercise by the commission of judicial power.

Accordingly, in answer the second inquiry, we conclude that the commission may adopt a regulation authorizing the withdrawal or cancellation of a valid certificate previously issued to a peace officer who has been adjudicated by a court of competent jurisdiction as a person falling within the peace officer disqualification provisions of Government Code section 1029, subdivision (a).

* * * * *

---

[4]Vehicle Code section 2267 states:

"(a) No person shall be appointed as a member of the California Highway Patrol who is not a citizen of the United States.

"(b) A member of the patrol appointed prior to the effective date of this act who is not a United States citizen shall become a United States citizen at the earliest possible time. Inability or failure to comply with this subdivision shall result in termination of employment."