Opinion
VICTOR, P. J.
Appellant was cited for driving a vehicle with illegally tinted front side windows in violation of Vehicle Code section 26101. He moved to dismiss the charge on various constitutional grounds, the primary one being that the statute placed an undue burden on interstate commerce.
The hearing on this motion was consolidated with trial and, practically speaking, the entirety of the hearing was devoted to the constitutional issues. The trial court denied the motion to dismiss and found appellant guilty of the charge. On this appeal from the judgment of conviction, appellant renews his constitutional challenge to the statute.
Statement of Facts:
Counsel stipulated that appellant Larry Hutchinson was an Arizona resident who drove a motor vehicle on February 12, 1988, westbound on Interstate 40 at Waterman in San Bernardino County with the front side windows tinted with a light transmission of 33 percent, plus or minus 3 percent. The tinting was permissible under Arizona law.
In People v. Fink (1985) 168 Cal.App.3d Supp. 15 [215 Cal.Rptr. 236], this court held Vehicle Code section 26708, subdivision (a) unconstitutional under the commerce clause of the United States Constitution. Following this court’s decision in Fink, supra, the Highway Patrol issued citations in San Bernardino County for window tinting under Vehicle Code section 26101 rather than 26708. Vehicle Code section 26101, by referring to sections 26104 and 26103, indirectly adopts the federal standards regulating the transparency in motor vehicle windows. The federal regulations require that safety glazing sold for motor vehicles comply with certain specific tests for light transmittance, among other things. Each piece of glass which meets the safety standards is marked “AS-1” or “AS-2.” Glass marked “AS-3” is glass that transmits less than 70 percent of the light and is permitted on certain windows not required for driver visibility.
Jay Calvin Hill testified as an expert witness for the appellant. He testified that he has been involved in drafting legislation regarding window tinting in *Supp. 12 many states. Appellant’s vehicle complied with the requirements of the Arizona law which permits front tinted windows with a light transmission as low as 33 percent, plus or minus 3 degrees. He opined that testing for safety is possible with regard to window tinting. Twenty-five states regulate window tinting by providing that there be a certain minimum light transmission. Twelve states allow window tinting by simply requiring that it can not be so dark that the driver’s vision is obscured. Other states have no laws regulating window tinting at all.
In Mr. Hill’s opinion the degree of light transmission determines the degree of safety. Anything less than 30 percent light transmission is unsafe.
He further testified that the 70 percent federal standard was an arbitrary figure set as a design criterion in the 1930’s when safety glass was first being manufactured. There have been several studies since that time to determine whether the 70 percent figure should be changed.
As he did in the Fink case, Mr. Hill also testified as to the benefits of window tinting. He noted that it might well enhance safety by increasing a driver’s comfort, thus making him more alert, and by reducing glare. He also indicated that tinted windows would be of benefit by reducing the incidence of skin cancer, many eye diseases, and lupus.
The People countered with an expert witness, Ellis Hirst, who is employed by the California Highway Patrol as an automotive equipment standards engineer. He opined that safety decreases with the increase in the degree of window tinting. He testified that studies suggested that tinting might prove especially dangerous at night with respect to drivers wearing glasses or older drivers. He stated that 70 percent light transmission was safe and significantly safer than 35 percent. He did not say that anything less than 70 percent was unsafe.
He agreed with Hill that the 70 percent figure was adopted in the 1930’s because it was a standard that the manufacturers could consistently meet. He noted that there have been studies recommending a higher percentage be required. He testified that there have been statistics indicating that window tinting has been a contributing factor in accidents.
Issues on Appeal:
1. Does California Vehicle Code section 26101 et seq., regulating window tinting, violate the commerce clause of the United States Constitution?
2. -5.*
*Supp. 13 Discussion:
1. Commerce Clause
In the decision of People v. Fink, supra, 168 Cal.App.3d Supp. 15, this court held that Vehicle Code section 26708, subdivision (a), which prohibits driving a motor vehicle with material applied to the windshield or windows so as to obstruct or reduce the driver’s view, is unconstitutional in that it unduly burdened interstate commerce, Appellant raises the same challenge to Vehicle Code section 26101[2] as that section is applied to prohibit after-market tinting of a vehicle’s side front windows or windshield. In testing the validity of the statute we are guided by certain principles.
Although the commerce clause prevents the states from erecting barriers to the free flow of commerce, it is well established that the states have the power to regulate matters of local concern, even though the regulations affect interstate commerce.
The power of the state to regulate the use of its highways is broad and pervasive. When state statutes concerning safety matters apply evenhandedly to interstate and intrastate commerce, the courts are especially reluctant to invalidate them despite the fact they may have an impact on interstate commerce. The United States Supreme Court stated this principle in Bibb v. Navajo Freight Lines (1959) 359 U.S. 520, 524 [3 L.Ed.2d 1003, 19 S.Ct. 962]: “These safety measures carry a strong presumption of validity when challenged in court. If there are alternative ways of solving a problem, *Supp. 14 we do not sit to determine which of them is best suited to achieve a valid state objective. Policy decisions are for the state legislature, absent federal entry into the field. Unless we can conclude on the whole record that the total effect of the law as a safety measure in reducing accidents and casualties is so slight or problematical as not to outweigh the national interest in keeping interstate commerce free from interferences which seriously impede it (Southern Pacific Co. v. Arizona, 325 U.S. 761, pp. 775, 776) we must uphold the statute.”
Thus, in order to evaluate a state statute facing a commerce clause challenge, a court must give sensitive consideration to the “weight and nature of the state regulatory concern weighed against the burden imposed on the course of interstate commerce.” (Fink, supra, 168 Cal.App.3d Supp. at p. 20.)
In applying these principles to the facts of this case, we begin by recognizing that there are legitimate safety concerns involved in regulating window tinting of motor vehicles. Even the appellant’s expert witness conceded that less than 30 percent light transmission on side front windows or windshields was unsafe. Unlike the situation in Fink, supra, 168 Cal.App.3d Supp. 15, the state did offer evidence from an expert to justify a 70 percent light transmission standard. While he did not say that light transmission under 70 percent was unsafe, he opined that 70 percent was safe and significantly safer than 35 percent. He noted that several studies have even recommended that a higher light transmission percentage be required for safety purposes. Moreover, a fair reading of his testimony leaves little doubt that window tinting that allows less than 70 percent light transmission does impair a driver’s vision, especially at night and especially for those who wear glasses. Thus, the state presented substantial evidence that the 70 percent standard does make a significant contribution to highway safety. Against this showing, we must consider the statute’s impact on interstate commerce. Although, as the Fink decision points out, an individual out-of-state motorist might have to incur substantial expense to remove tinting before entering California,[3] there has been no showing of the number of such motorists this provision affects. After all, no state requires window tinting. Based on the record on appeal, we can only find that the statute affects one out-of-state motorist, the appellant. This is in contrast to the massive showing of the burden on interstate commerce in Bibb, supra, 359 U.S. 520, and Southern Pacific Co. v. Arizona (1945) 325 U.S. 761, 772 [89 L.Ed. 1915, 65 S.Ct. 1515]. The statute promotes legitimate safety concerns which clearly outweigh its problematical effect on interstate commerce. Thus, we hold that Vehicle Code section 26101 as applied in this case is a *Supp. 15 constitutional regulatory measure which does not unreasonably burden interstate commerce. Pike v. Bruce Church, Inc. (1970) 397 U.S. 137 [25 L.Ed.2d 174, 90 S.Ct. 844].
We have reached a different conclusion from our holding in Fink, but the result in that case is explained by the fact that the state at the trial court level had “virtually defaulted in its defense of the statute as a regulatory measure.” (Fink, supra, 168 Cal.App.3d Supp. at p. 22.) In contrast, the record on appeal in this case, as we have discussed, contains substantial evidence that the statute does promote highway safety.
We must also reject appellant’s assertion that the prohibition unlawfully interferes with his right to travel. As discussed above, the state has a legitimate interest in regulating motor vehicles driven on its highways. Therefore, any incidental burden on an out-of-state motorist’s right to drive a noncomplying vehicle in this state does not violate any constitutional rights under the privileges and immunities clause (Cf. Edwards v. California (1941) 314 U.S. 160, 169 [86 L.Ed. 119, 62 S.Ct. 164] (conc. opn. of Douglas, J.).)
2.-5.*
The judgment is affirmed. Appellant’s application to certify the appeal to the Court of Appeal is denied.
Ziebarth, J., and Cole, J., concurred.

See footnote 1, ante, page Supp. 9.

 Section 26101 provides in part as follows: “No person shall sell or offer for sale for use upon or as part of the equipment of a vehicle, nor shall any person use upon a vehicle, any device which is intended to modify the original design or performance of any . . . safety glazing material, or other device, unless the modifying device meets the provisions of Section 26104
Section 26103 provides in part as follows: “(a) The department may adopt and enforce regulations establishing standards and specifications for . . . safety glazing material, . . . The standards and specifications may include installation . . . requirements.
“(b) If there exists a Federal Motor Vehicle Safety Standard adopted pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 (15 U.S.C., 1381 et seq.) covering the same aspect of performance of a device, the provisions of that standard shall prevail over provisions of this code or regulations adopted pursuant to this code .... [Djevices, and equipment certified by the manufacturer to meet applicable federal motor vehicle safety standards as original equipment on new vehicles and the identical replacements for those items need not be certified to the Department of the California Highway Patrol.”
Section 26104 provides in part as follows: “(a) Every manufacturer who sells, offers for sale, or manufacturers for use upon a vehicle devices subject to requirements established by the department shall, before the device is offered for sale, have laboratory test data showing compliance with such requirements. Tests may be conducted by the manufacturer.”

 It would appear to this court, however, that an out-of-state motorist could comply with the law by simply rolling down the front side windows when entering California.

See footnote 1, ante, page Supp. 9.