Opinion
HAVENS, J.
I
Facts
On February 27, 1984, appellant was cited by the California Highway Patrol for violating Vehicle Code section 26708, subdivision (a), in that he was operating a vehicle with its front side windows tinted. On June 1, 1984, appellant moved to dismiss on the grounds that this Vehicle Code section was unconstitutional. A hearing was held on appellant’s motion, testimony was taken, and the trial court thereafter denied the motion. Appellant then submitted the issue of his guilt or innocence on the evidence produced during the motion, and was found guilty and sentenced to pay a fine of $25 (or in the alternative to remove the tinted material).
At the hearing the following facts were established. Appellant is a resident of the State of Arizona who had traveled into the State of California with a material affixed or applied upon the side windows of his vehicle which provided a “tinting” effect. Vehicle Code section 26708, subdivision (a) makes it unlawful to drive any vehicle in California which has my material affixed to or applied to the side front windows which obstruct or reduce the driver’s view through the windshield or side windows. The section in this *Supp. 18 regard provides in pertinent part: “1. No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied upon the windshield or side or rear windows, [¶] 2. No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle which obstructs or reduces the driver’s clear view through the windshield or side windows.”
A reading of section 26708.5 of the Vehicle Code makes it clear that within the above definition of a material which “obstructs or reduces the driver’s clear view” transparent material if it “alters the color or reduces the light transmittance of the . . . windows.” Thus, Vehicle Code section 26708, subdivision (a) proscribes the operation of vehicles which have tinted side windows in California, while section 26708.5 makes it unlawful to place, install, affix or apply any transparent material reducing light transmittance. Thus, while appellant was not cited for section 26708.5, the court looked to that section as it defined material which would reduce a driver’s vision within the meaning of section 26708, subdivision (a).
Only one witness was called for the hearing and trial, one Jay Calvin Hill. Mr. Hill was called by appellant. Respondent offered no evidence at all during the hearing and trial. Mr. Hill was accepted by the trial court as an expert in the area of window-tinting legislation, and as to safety/danger factors involved in window tinting. In this regard, Mr. Hill testified that he had been involved in window tinting for some 10 years and had assisted legislatures in 30 states with their window-tinting legislation. Some states, moreover, have actually enacted his exact draft of legislation without any change. Mr. Hill testified that appellant’s vehicle complied with the specific requirements of the Arizona statute which permitted tinted windows with a light transmission as low as 34 percent. Appellant’s expert further opined that testing for safety is possible with regard to window tinting. He noted that some 33 states specifically allow tinting with a light transmission as low as 32 percent, and that most other states allow it indirectly by not prohibiting tinting. Most states specify a range of light transmission for compliance while the California Vehicle Code section makes no reference to the amount of visible light transmission allowed. He defined the term “light transmission” by percentage, to mean the percentage of visible light that is transmitted through a specimen of window tinting when the tinting is mounted on a three millimeter piece of glass. In Mr. Hill’s expert opinion the degree of light transmission determines the degree of safety, and he used samples to show the court different percentages of light transmission. In this regard, appellant’s expert testified that a light transmission percentage as low as 34 percent would be safe for driving during the day and night and under all conditions.
*Supp. 19 Finally, Mr. Hill testified that window tinting might well enhance safety since: (1) it increases the comfort of the driver, making him actually more alert and therefore safer; and (2) since tinting would reduce glare to the driver, to that extent his vision would be enhanced. Moreover, while not directly related to driving safety, tinted windows would be of benefit to citizens in that they would reduce the incidence of skin cancer, many eye diseases which are aggravated by increased glare of light, and specifically the incidence of a disease known as Lupus.
II
Issues
1. Does Vehicle Code section 26708, subdivision (a) violate the commerce clause of the United States Constitution?
2. Does the Vehicle Code violate the privilege and immunities clause of the Fourteenth Amendment?
III
Discussion
Appellant maintains that the California statute in question substantially interferes with and restricts the freedom to travel of Arizona residents, and others who may have tinted windows on their vehicles which comply with their own state statutes, and that this burden on interstate commerce is clearly excessive in relation to any local putative benefits. We are asked therefore to invalidate the statute since it is claimed to conflict with the commerce clause of the United States Constitution. Moreover, appellant likewise asserts that the California statute violates the privileges and immunities clause of the United States Constitution, since the effect of the statute impedes appellant’s constitutional rights to travel unfettered from state to state, a basic privilege of national citizenship guaranteed by the Fourteenth Amendment to the United States Constitution.
By its terms the commerce clause grants Congress the power “to regulate commerce . . . among the states. . . .” It is well settled that even in the absence of a congressional exercise of this power, the commerce clause prevents the states from erecting barriers to the free flow of commerce. (Raymond Motor Transportation, Inc. v. Rice (1978) 434 U.S. 429 [54 L.Ed.2d 664, 98 S.Ct. 787].) At the same time, however, it has never been doubted that a state may enact legislation designed to serve a legitimate state interest such as safety or preservation of highways which, if applied *Supp. 20 without discrimination against interstate commerce, may not violate the commerce clause even though it affects commerce.
Both appellant and the state concede that a balancing test has been used by the courts to evaluate state statutes facing a commerce clause challenge. (Southern Pacific Company v. Arizona (1945) 325 U.S. 761, 775-776 [89 L.Ed. 1915, 1928, 65 S.Ct. 1515, 1523], Raymond Motors Transportation, Inc. v. Rice, supra, 434 U.S. 429; Bibb v. Navajo Freightlines, Inc. (1959) 359 U.S. 520 [3 L.Ed.2d 1003, 79 S.Ct. 962].) This weighted balancing test has been referred to as a “process of delicate adjustment,” and although courts have used various tests to express the distinction between permissible and impermissible impact on interstate commerce, the most recent decisions have made it clear that the inquiry necessarily involves a sensitive consideration of the weight and nature of the state regulatory concern weighed against the burden imposed on the course of interstate commerce. As the court stated in Pike v. Bruce Church, Inc. (1970) 397 U.S. 137 [25 L.Ed.2d 174, 90 S.Ct. 844]: “. . . [w]here the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.” (P. 142 [25 L.Ed.2d p. 178].) Where there is a legitimate local purpose “then the question becomes one of degree and the extent of the burden that will be tolerated will of course, depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.” (Ibid.)
The state thus argues that on the whole record we must conclude that the total effect of the law as a safety measure outweighs any burden it may have on interstate commerce and cites Raymond Motors Transportation, Inc. v. Rice, supra, 434 U.S. 429, for the proposition that “those who would challenge regulations said to promote highway safety must overcome a strong presumption of their validity.” (Accord Bibb v. Navajo Freightlines, supra, 359 U.S. 520.) The state, moreover, reminds us of the language of Southern Pacific Co. v. Arizona, supra, 325 U.S. 761, where the court adopted the principle that “unless we can conclude on the whole record that the total effect of the law as a safety measure in reducing accidents and casualties is so slight or problematical as not to outweigh the national interest in keeping interstate commerce free from interferences which seriously impede it . . . we must uphold the statute.”
We, of course, acknowledge that this court must be guided by the foregoing principles and that we must engage in a “delicate weighing and balancing process” in testing the validity of the California legislation.
*Supp. 21 Turning first to the question of whether or not the particular Vehicle Code even promotes safety, we note that the state, for reasons unexplained, made no effort to produce any evidence that the California statute promoted highway safety, nor, indeed, to contradict appellant’s evidence that window tinting may actually enhance highway safety and promote better health for its citizens by reducing eye disease and the malady referred to as Lupus. The state now urges this court, however, to presume that the California Legislature’s judgment (concerning whether highway safety is promoted by the state’s statute) is supported by facts known to the Legislature, unless facts are proved which preclude that possibility. The state therefore asserts that since nothing in the record precludes that possibility here, that the legislative judgment was supported by facts known to the Legislature, and hence we should presume the statute’s validity. The state cites to us South Carolina State Highway Dept. v. Barnwell Bros. (1938) 303 U.S. 177 [82 L.Ed. 734, 58 S.Ct. 510], for this proposition. However, in that case, not only did the record exclude that possibility, it showed affirmatively that there was adequate support for the legislative judgment regarding the statute in question (namely weight and size limitations of motor trucks). Moreover, although we accept the general principle announced in the case, our inquiry does not end with the assumption that the legislative action was based upon facts presumed to support the enacted statute. The courts are, nevertheless, free to determine whether or not the statute is reasonable, and whether or not on the whole record the burden on interstate commerce exceeds or outweighs the benefits to be gained by the state as a safety measure.
With the above principles in mind, we examine the record in the trial court. First, there was testimony that some 33 states have passed legislation allowing after-market films to be affixed to vehicles with a light transmission of 32 percent or higher. Most of these states, as conceded by respondent, have based their actions on testing which has shown that after-market tinting with a 32 percent or higher light transmission is in fact safe. Testing included the driving of such vehicles equipped with after-market tinting at different light transmission percentages, at different times of the day or night, and in different terrain and locales. Moreover, these tests were conducted by trained and experienced personnel, and by various law enforcement and regulatory agencies. Finally, there was evidence that hearings had been conducted by the American Association of Motor Vehicle Manufacturers (A.A.M.V.A.) a federally chartered body, and the National Highway Traffic Safety Administration regarding whether there was any evidence of safety-related or vehicle-tinting-related accidents and that those bodies found no evidence of any vehicle accidents attributable to window tinting.
In the instant case, appellant does not dispute that the state has a legitimate interest in regulating vehicles in order to promote highway safety. He ar *Supp. 22 gues, however, that the burden imposed on interstate commerce here is, in the language of Pike v. Bruce Church, Inc., supra, 397 U.S. 137, 142 [25 L.Ed.2d 174, 178] “clearly excessive in relation to the putative local benefits.” Here there was no evidence of any putative local benefits since the statute was shown by uncontradicted evidence to make no contribution to highway safety, or at best an extremely minimal contribution as it might prevent the operation of vehicles having less than the minimum light transmission standards acknowledged to be safe as those standards have been adopted by at least 33 states. What enforcement of the California statute does is to prevent the operation of vehicles with window tinting installed which meet the minimum standards of these 33 other states, as well as of vehicles from most other states with tinting having no statute prohibiting such materials. Thus, there has been no showing that this statute contributes to highway safety, although it is clear that the burden on interstate commerce is substantial. In this regard, it is obvious that any individual wishing to bring his vehicle, equipped with after-market tinting legal in his state into California has but two choices: (1) do not travel into California at all; or (2) remove the tinting. While there was no direct evidence of the actual expense or delay in removing such material from a vehicle, it is obvious that such removal and reinstallation when the driver returns to his home state can not be said to be insubstantial.
As we have shown appellant has produced credible and virtually uncontradicted evidence to disprove the state’s assertion that the statute makes any meaningful contribution to highway safety, and the state for its part has virtually defaulted in its defense of the statute as a safety measure. The statute is thus unconstitutional as it unduly burdens interstate commerce.
Since we have decided this case on the basis that the statute unduly bur- - dens interstate commerce, we need not address the question of whether or not the statute violates the privileges and immunities clause of the Fourteenth Amendment as claimed by appellant. The judgment of the justice court is therefore reversed.'
Campbell, Acting P. J., and Cranmer, J., concurred.