[No. D009461. Fourth Dist., Div. One. Oct. 18, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT A. NIEBAUER, Defendant and Appellant.

COUNSEL

Joel M. Geller for Defendant and Appellant.

Edwin L. Miller, Jr., District Attorney, M. Jonathan Oliphant, D. Michael Ebert and Thomas F. McArdle, Deputy District Attorneys, for Plaintiff and Respondent.

John K. Van de Kamp, Attorney General, Richard B. Iglehart and Harley D. Mayfield, Assistant Attorneys General, Rudolf Corona, Jr., and Tim Nader, Deputy Attorneys General, as Amici Curiae on behalf of Plaintiff and Respondent.

OPINION

HUFFMAN, J.—After Robert A. Niebauer was convicted of driving with dark tinting material on the side windows of his 1987 Ford truck (Veh. Code,[1] § 26708(a)), he unsuccessfully appealed to the appellate department of the San Diego Superior Court. A majority of that department affirmed the decision of the municipal court and certified the matter to this court to obtain uniformity of decision for what it perceived to be a direct conflict between its decision and a published decision of the appellate department of the Superior Court of San Bernardino County, *People* v. *Fink* (1985) 168 Cal.App.3d Supp. 15 [215 Cal.Rptr. 236].

After certification, we asked the parties to submit supplemental briefing on the constitutionality of section 26708(a), on whether the rationale of *People* v. *Fink* should be followed, and on whether there was sufficient

---

[1] All statutory references are to the Vehicle Code unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

evidence in the record to support Niebauer's conviction.[2] Additionally, the Attorney General requested and received permission to file an amicus curiae brief on the issues in this case. (Cal. Rules of Court, rule 65.) For the reasons set forth below, we find section 26708(a) constitutional, *People* v. *Fink* limited to its own facts, and Niebauer's conviction supported by sufficient evidence in this record. Accordingly, we affirm the municipal court's judgment of conviction.

### FACTS

Niebauer appealed to the appellate department on a stipulated agreed statement, which shows the following background and procedural facts. On February 27, 1988, Niebauer was charged with violating section 26708(a). After pleading not guilty as charged, the court set June 6, 1988, for trial of the matter. On that day, Niebauer's attorney made an *in limine* motion for dismissal of the charge on grounds section 26708(a) was in violation of the commerce clause of the United States Constitution. In support of his argument, he cited *People* v. *Fink, supra,* 168 Cal.App.3d Supp. 15, a case decided by the San Bernardino Superior Court Appellate Department[3] which held section 26708(a) was unconstitutional in that it unduly burdened interstate commerce.

The court took judicial notice of the *Fink* case, indicated it felt *Fink* was an exception for out-of-state residents only and not applicable to Niebauer as an "in-state California resident," and denied the motion.

The prosecution called California Highway Patrol Officer Kenneth Wood as its trial witness. He testified he observed Niebauer driving a 1987 Ford truck with dark tinting material on the side windows, he suspected such tinting was in violation of section 26708(a), and he waved Niebauer over. After the stop, he inspected the windows, determining the tinting was in fact a film that had been permanently affixed to the windows. Wood advised Niebauer to remove the tinting without delay.

---

[2] We specifically requested the parties address the following issues: (1) Does section 26708(a) violate the commerce clause of the United States Constitution? (2) Is that section unconstitutionally vague on its face? (3) Why should this court not adopt the holding and rationale in *People* v. *Fink, supra,* 168 Cal.App.3d Supp. 15? (4) What is your view on the jurisdiction of this court to determine the constitutionality of the statute in question in light of the record before the municipal court and the appellate department? (5) What materials may and should this court take judicial notice of in determining the constitutionality of section 26708(a)? (6) Assuming the statute is constitutional, is there sufficient evidence in the record to support the conviction?

[3] The stipulated agreed statement and the order of the San Diego Superior Court affirming the judgment of the municipal court here both inadvertently identify *People* v. *Fink* as a Los Angeles Superior Court case.

After this testimony, Niebauer's attorney again moved for a dismissal, this time on grounds the prosecution had not met its burden of proving Niebauer's vision was obstructed by the window tinting or the tinting was a safety hazard. He also argued there was no evidence introduced to show Wood had any training or experience with regard to light transmittance measurements and no evidence to show the extent to which the window tinting in Niebauer's truck prohibited light transmittance.

In response to some questions from the court, Wood further testified Niebauer's windshield was darker than normal, that he could only see Niebauer's outline through the window, and that "he had observed people driving with that type of tinting material at night and noted them rolling down their windows and looking outside just to see where they were turning."

The defense, continuing argument for the dismissal motion, claimed the clear intent of the statutory scheme comprised of "[s]ections 26708 through 26708.5, inclusive, was to prohibit the use of aftermarket sunscreening devises [sic] which are unsafe so as to obstruct the vision of the driver or to constitute a safety hazard." The court, however, adopted the view section 26708(a)(1) makes it illegal as a matter of law to apply any material to the windshield, side or rear windows, regardless of any other considerations, and denied the motion.

Niebauer's attorney then cross-examined Wood. Wood indicated he had no training or expertise regarding light transmittance and he had not taken any light transmittance measurements from within Niebauer's truck concerning his window tinting. Wood, though, did say "that in looking through the windows from his position outside of the vehicle, he felt that his vision was obstructed."

With the close of the People's case, Niebauer's attorney renewed his motion to dismiss on grounds the prosecution had offered insufficient evidence to prove Niebauer's window tinting was a safety hazard. The court again denied the motion.

The case was then submitted to the court on the above evidence. Niebauer was not present at the trial and no witnesses were called in his defense. Because counsel had extensively argued during the three motions, Niebauer's attorney waived closing argument.

Thereafter, the court found Niebauer guilty of violating section 26708(a) and placed him on probation for one year upon certain conditions, including payment of a restitution fine of $25 and an administrative fee of $15.

Niebauer timely appealed this judgment of conviction.

## DISCUSSION

Upon certification for the purpose of securing uniformity of decision, this court has similar power to review any matter and make orders and judgments as the superior court would have in such case. (Cal. Const., art. VI, § 11; Code Civ. Proc., § 911.) We, therefore, review the record and arguments before the municipal court as if on direct appeal to this court.

■■■■ ■ Relying on *People* v. *Fink, supra,* 168 Cal.App.3d Supp. 15 and the trial record in this matter, Niebauer argues his conviction cannot stand because section 26708(a) is unconstitutional as it unduly burdens interstate commerce[4] and there is insufficient evidence to support the conviction. As we separately discuss below, neither contention has merit.

### I

*Section 26708(a) Is Constitutional*

Section 26708(a) provides, in pertinent part:

"(1) No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied upon the windshield or side or rear windows.

"(2) No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle which obstructs or reduces the driver's clear view through the windshield or side windows."

Subdivision (b) of section 26708 states this section does not apply to certain enumerated exceptions and subdivision (c) provides an exception for transparent material applied to the windshield in certain places and under certain conditions.

Section 26708.5 further states: "(a) No person shall place, install, affix, or apply any transparent material upon the windshield, or side or rear windows, of any motor vehicle if the material alters the color or reduces the light transmittance of the windshield or side or rear windows, except as provided in subdivision (b) or (c) of Section 26708.

---

[4] The People challenge Niebauer's standing to assert section 26708(a) is unconstitutional. This objection, however, is waived as it was not raised at the time of the original motion to dismiss in municipal court. Moreover, because Niebauer is a person aggrieved by the application of section 26708(a), he has standing to challenge its constitutionality. The question of his residency is merely one of the factors to be considered in determining the impact of that statute on interstate commerce.

"(b) Tinted safety glass may be installed in a vehicle if (1) the glass complies with motor vehicle safety standards of the United States Department of Transportation for safety glazing materials, and (2) the glass is installed in a location permitted by those standards for the particular types of glass used."

Sections 26708 and 26708.5 are generally read together to determine issues concerning window tinting. (*People* v. *Fink, supra,* 168 Cal.App.3d Supp. 15, 18; *Klarfeld* v. *State of California* (1983) 142 Cal.App.3d 541, 543 [191 Cal.Rptr. 330].)

In *Klarfeld* v. *State of California, supra,* 142 Cal.App.3d 541, 550, the Court of Appeal held these sections were not unconstitutionally overbroad and vague when read together with the other sections concerning windshields (§§ 26701-26704) and equipment testing standards (§§ 26100-26104), which require safety glazing materials to comply with federal motor vehicle safety standards adopted pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 (15 U.S.C. § 1381 et seq.). Faced with void for vagueness constitutional challenges to sections 26708 and 26708.5, the court there noted reasonable certainty was all that was required to overcome the challenge, that "a statute will not be held void for vagueness if any reasonable and practical construction can be made of its language or if it can be made reasonably certain by reference to other definable sources. . . ." (*Klarfeld* v. *State of California, supra,* 142 Cal.App.3d 541, 548), and determined, in light of the federal regulations and administrative interpretation of the statutes, it was reasonably clear those sections proscribed the driving with and the application of transparent coating to a vehicle's windshield or its front windows to the sides of the driver unless certain exceptions applied. (*Id.* at pp. 547, 550.)

In 1985, however, in *People* v. *Fink, supra,* 168 Cal.App.3d Supp. 15, the appellate department of the San Bernardino Superior Court held section 26708(a) was unconstitutional in that it unduly burdened interstate commerce. Based upon that case, Niebauer seeks to overturn his conviction for violating section 26708(a). His reliance upon *Fink,* though, is misplaced.

In *People* v. *Fink, supra,* 168 Cal.App.3d Supp. 15, a resident of the state of Arizona was cited for driving in California with tinting material on the side windows of his vehicle in violation of section 26708(a). At a combined trial and motion to dismiss hearing, Fink's residency was established and an expert defense witness testified as to window tinting legislation and safety/danger factors involved in driving vehicles with window tinting. In this regard, he testified Fink's vehicle window tint complied with Arizona's statutes regulating tinting in that state. He stated Arizona permitted a light transmittance as low as 34 percent, and some 33 other states specified a range of light transmission as low as 32 percent. He opined a percentage as

low as 34 percent was safe for driving both "during the day and night and under all conditions." (*Id*. at p. Supp. 18, italics omitted.) He additionally testified that window tinting enhanced driver safety by increasing driver alertness and reducing glare. (*Id*. at p. Supp. 19.)

The People countered this evidence with argument that the statute as a legislative enactment was presumed constitutionally valid (*People* v. *Fink, supra,* 168 Cal.App.3d at p. Supp. 21); the trial court agreed with the People and denied the motion. The appellate department of the superior court, however, reversed the ruling on appeal after reviewing the record in light of the balancing test used to evaluate state statutes facing a commerce clause challenge. (*Id*. at pp. Supp. 19-22.) Based on the record, that department found the People had not met its burden of showing "any putative local benefits" which outweighed the burden on interstate commerce shown by Fink. In holding the statute unconstitutional as unduly burdening interstate commerce, the court stated: "As we have shown [Fink] has produced credible and virtually uncontradicted evidence to disprove the state's assertion that the statute makes any meaningful contribution to highway safety, and the state for its part has virtually defaulted in its defense of the statute as a safety measure. (*Id*. at p. Supp. 22.)

In *People* v. *Hutchinson* (1989) 211 Cal.App.3d Supp. 9 [260 Cal.Rptr. 178], the same appellate department that decided *Fink* heard and decided differently another commerce clause challenge to window tinting by an Arizona resident, this time made against section 26101. The court determined section 26101 was constitutional and its decision was distinguishable from that reached in *Fink* because the People, contrary to putting on no evidence in *Fink,* had presented evidence that the statute does promote highway safety. (*Id*. at p. Supp. 15.)

■■■■ In reaching these conclusions, the court noted that after the *Fink* decision, the California Highway Patrol had begun issuing citations in San Bernardino County for window tinting violations under section 26101 rather than 26708.[5] (*People* v. *Hutchinson, supra,* 211 Cal.App.3d at p. Supp. 11.) It then set forth testimony adduced for the defense by the same expert who had testified for Fink on legislation and safety factors concerning window tinting, testimony adduced by an expert

---

[5] Section 26101, which, by reference to sections 26104 and 26103, indirectly adopts the federal standards requiring that safety glazing sold for motor vehicles comply with certain specific tests for light transmittance, including the requirement the glass have a light transmittance of at least 70 percent, proscribes conduct consistent with that proscribed by section 26708. In other words, section 26101 is a general statute which encompasses the act of driving a vehicle with after-market tinting specifically proscribed by section 26708. It is purely a matter of prosecutorial discretion to charge a person with the violation of one or the other. (1 Witkin, Cal. Criminal Law (2d ed. 1988) §§ 62, 64, pp. 79-80, 82-84.)

prosecution witness which countered the defense testimony, the standard for testing the validity of a statute on commerce clause grounds, and its analysis of the testimony in light of those standards. It concluded the state had presented substantial evidence that the 70 percent light transmittance standard required by section 26101 does make a significant contribution to highway safety and that Hutchinson had failed to show an undue burden on interstate commerce. (*Id.* at p. Supp. 14.)

The court, therefore, held section 26101 as applied in Hutchinson's case was a "constitutional regulatory measure which does not unreasonably burden interstate commerce." (*People* v. *Hutchinson, supra,* 211 Cal.App.3d at p. Supp. 15.) It contrasted its holding from that in *Fink* as one which was based upon a record containing substantial evidence the statute in question promotes highway safety. (*Ibid.*)

 Here, if we use the same test as utilized by the courts in *Fink* and *Hutchinson* to evaluate whether section 26708(a) unduly burdens the commerce clause, we conclude on the record before us Niebauer has not shown section 26708(a) is invalid as overburdening interstate commerce. Against the presumption that a statute is constitutionally valid as enacted, he presented no evidence. Nor did he show he fell within a class of out-of-state residents driving into California from a state which allows window tinting at a light transmittance level of less than 70 percent which might be unduly burdened by the California standards.

 As noted by the courts in *Fink* and *Hutchinson,* it is well established the states have the power to regulate matters of local concern, even when the regulation may affect interstate commerce. *(People* v. *Fink, supra,* 168 Cal.App.3d Supp. 15, 19; *People* v. *Hutchinson, supra,* 211 Cal.App.3d Supp. 9, 13.) When a state statute regarding safety matters applies equally to interstate and intrastate commerce, the courts are generally reluctant to invalidate them even if they may have some impact on interstate commerce. (*People* v. *Hutchinson, supra,* 211 Cal.App.3d Supp. 9, 13.) In *Bibb* v. *Navajo Freight Lines* (1959) 359 U.S. 520, 524 [3 L.Ed.2d 1003, 1007, 79 S.Ct. 962], the United States Supreme Court embellished this rule by stating: "These safety measures carry a strong presumption of validity when challenged in court. If there are alternative ways of solving a problem, we do not sit to determine which of them is best suited to achieve a valid state objective. Policy decisions are for the state legislature, absent federal entry into the field. Unless we can conclude on the whole record that 'the total effect of the law as a safety measure in reducing accidents and casualties is so slight or problematical as not to outweigh the national interest in keeping interstate commerce free from interferences which seriously impede it' [citation] we must uphold the statute." (Fn. omitted.)

Thus, when faced with a commerce clause challenge to one of our state statutes, we employ a balancing test, giving sensitive consideration to the "weight and nature of the state regulatory concern weighed against the burden imposed on the course of interstate commerce." (*People* v. *Fink, supra,* 168 Cal.App.3d Supp. 9, 20.)

■■■ Contrary to Niebauer's assertion the holding of *Fink* is sufficient evidence section 26708(a) is unconstitutional, we are not obliged to follow that decision (*Suastez* v. *Plastic Dress-Up Co.* (1982) 31 Cal.3d 774, 782, fn. 9 [183 Cal.Rptr. 846, 647 P.2d 122, 33 A.L.R.4th 254]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeals, § 777, pp. 747-748), it is distinguishable on its facts as discussed above, and its analysis is incomplete, a fact made clear by *Klarfeld* v. *State of California, supra,* 142 Cal.App.3d 541 and the subsequent analysis in *People* v. *Hutchinson, supra,* 211 Cal.App.3d Supp. 9.

The People's expert in *Klarfeld,* Warren M. Heath, chief automotive equipment standards engineer for the Department of the California Highway Patrol (CHP), construed sections 26708 and 26708.5 in reference to other statutes and regulations controlling vehicle glass. (*Klarfeld* v. *State of California, supra,* 142 Cal.App.3d 541, 545-547.) He first summarized the federal standard as requiring safety glass sold for motor vehicles comply with certain specific tests for light transmittance and then showed how that standard was incorporated into the statutory schemes for vehicle glass in the state of California and how it is interpreted by the CHP. (*Ibid.*) He stated the purpose of the regulations was " 'to ensure a necessary degree of transparency in motor vehicle windows for driver visibility, . . .' [Citation.]" (*Id.* at p. 545.)

He then noted the term "factory-installed tinted glass or the equivalent replacement thereof" in section 26708.5 is interpreted by the CHP as safety glazing material that complies with the federal standard. (*Klarfeld* v. *State of California, supra,* 142 Cal.App.3d at p. 546.) He also noted that these terms are further interpreted separately by the CHP: "Factory-installed" means "tinted glass manufactured by a prime glazing manufacturer which meets the [federal standards] and is installed by the vehicle manufacturer"; "the equivalent replacement thereof" means "tinted glass that meets the [federal standards], but which is not installed by the vehicle manufacturer, such as replacement tinted glass." (*Ibid.*)

Mr. Heath additionally testified about the state regulations and requirements and the history of the state Vehicle Code sections on the subject. "He stated that pursuant to [section 26704, the CHP] adopted regulations found in title 13 of the California Administrative Code requiring that vehicle glass comply with the above-described federal standards [, 70 percent light

transmittance for either factory-installed tinted glass or other equivalent replacement glass]. In 1961, Vehicle Code section 26708 was first amended to prohibit driving a motor vehicle with any material that would reduce the driver's clear view, placed upon the windshield and windows. Before that, only nontransparent objects had been prohibited on certain windows. In 1967, the prohibition of tinting was expanded to include the windows beside the driver. Section 26708.5 was added in 1972 to make it unlawful to *apply* material to the windshield or windows beside the driver; section 26708 had only prohibited *driving* with such material on the windows." (*Klarfeld* v. *State of California, supra,* 142 Cal.App.3d at p. 547, italics in original.)

The court in *Klarfeld* found Heath's testimony on behalf of the CHP entitled to great respect and a significant factor to consider in determining the constitutionality of the statutory scheme challenged there as vague. (*Klarfeld* v. *State of California, supra,* 142 Cal.App.3d at p. 548.) As pointed out by the People, the appellate department in reviewing the record in *Fink* did not recognize that the statutes setting standards for tinted windows in California were, and are, identical to those set forth in the National Traffic and Motor Vehicle Safety Act of 1966 and that *Klarfeld* v. *State of California, supra,* at pp. 548-550 had already determined section 26708(a) contained the federal standard for tinted windows by reference to other statutes enacted for driver safety under the chapter for vehicle equipment and that the standards in Arizona and the other 32 states in evidence were lower than the federal standard. Consideration of these facts would have strengthened the People's position the statute was presumed valid for legitimate safety concerns involved in regulating window tinting of motor vehicles without the need to adduce further evidence on the matter.

Moreover, by pointing out the lack of evidence presented to meet Hutchinson's burden by reference to *Fink,* the court in *Hutchinson* unwittingly stressed other factors not considered at the time *Fink* was decided. As that court stated, even though "the *Fink* decision points out, an individual out-of-state motorist might have to incur substantial expense to remove tinting before entering California, there has been no showing of the number of such motorists this provision affects. After all, no state requires window tinting. [Fn. omitted.]" (*People* v. *Hutchinson, supra,* 211 Cal.App.3d Supp. 9, 14.) Like in *Hutchinson,* there was no showing in *Fink* of the number of such motorists affected by section 26708(a) and no evidence was adduced of any state which required window tinting.

Without explicitly overruling *Fink,* the court in *Hutchinson* in effect limited the holding in *Fink* to its own procedural facts; a determination with which we do not quarrel and one we use against Niebauer in this case. Our own review of the legislative history of sections 26708 and 26708.5, of

which we take judicial notice, convinces, as the courts in *Klarfeld* and *Hutchinson* concluded, that these sections cannot be read in a vacuum—rather they must be construed with reference to the other statutes and administrative regulations enacted concerning permissible vehicle glass. Having done so, we hold as a matter of law that section 26708(a), prohibiting the application of any material or objects to the windshield and driver's front side windows of a vehicle, incorporates the federal standard that light transmission will not be at a level below 70 percent, promotes legitimate highway safety concerns and is constitutional on its face.[6]

Like the courts in *Klarfeld* and *Hutchinson,* we recognize there are legitimate safety concerns involved in regulating window tinting of motor vehicles.[7] We also accept the view expressed in those cases that the statutory scheme read as a whole requires all vehicle glass, whether factory installed, or after-market replacement glass, to comply with the federal standards for light transmittance and that glass transmitting less than 70 percent of the light is only permitted on certain windows not required for driver visibility. We further conclude that any material applied to an already factory-produced tinted window meeting the federal standard reduces the light

---

[6] It is interesting to note that section 26708(b)(10), an exception to section 26708(a), allows sun screening devices meeting the requirements of section 26708.2, which provides for utilization of transparent material with a "luminous transmittance of not less than 35 percent," to be installed on the driver's side windows if the driver or a passenger in the front seat has in his or her possession a letter or document signed by a licensed physician, surgeon, or optometrist certifying the person must be shaded from the sun due to a medical or visual condition. The devices, however, must be removed for nighttime driving, similar to sunglasses. The health concerns expressed by Niebauer thus could easily be dealt with by a doctor's note and removable sunscreening.

[7] Niebauer challenges the propriety of the People's argument the intent of the statutes involved here is not only for driver safety but also for the safety of law enforcement officers. He argues the People did not attempt to justify the Vehicle Code sections on both grounds below and officer safety is not included in the intent of section 26708. He bases this latter argument on the caption of section 26708 which states, in part, "Material obstructing or reducing driver's view; . . . ."

We note, however, the legislative history shows officer safety was, and is, one of the prime factors for enacting and amending the statutory scheme for regulating vehicle window tinting. Not only are the majority of the amendments proposed and enacted for sections 26708 and 26708.5 submitted by the CHP, many of the legislative committee reports reflect officer safety was involved. For example, the Enrolled Bill Memorandum to Governor submitted for the proposed 1982 amendment to section 26708 specifically states in the Enrolled Bill Report that the proposal was made to clarify what objects or material can be placed on specified windows or a vehicle and in what locations because the present wording was causing "some statewide enforcement problems." That report also noted "CHP Officers stop large numbers of vehicles daily. Each particular traffic stop holds potential for danger. Any means used to reduce unnecessary exposure to hazards should be implemented." (Cal. Highway Patrol, Enrolled Bill Rep., Assem. Bill No. 2664 (1981-1982 Reg. Sess.) attached to Enrolled Bill Mem. to Governor (Aug. 23, 1982).)

Because the legislative history shows the sections were also intended to promote officer safety, we also take judicial notice of this fact.

transmittance to less than 70 percent. (See Apr. 26, 1982, administrative statement from the CHP on "Tinting of Motor Vehicle Safety Glass" which is entitled to great respect. (*Mudd* v. *McColgan* (1947) 30 Cal.2d 463, 470 [183 P.2d 10]).)[8]

In light of the legislative history of sections 26708(a) and 26708.5 and the record in this case, Niebauer simply has not shown any burden on interstate commerce or that section 26708(a) was in any way unconstitutionally applied to him. We decline to follow the holding in *Fink,* finding it strictly limited to its own facts.

II

*The Record Contains Sufficient Evidence*

■ Niebauer challenges the sufficiency of the evidence in the record to support his conviction of driving with illegally tinted driver's side windows. He specifically argues there was no evidence presented to show Officer Wood was specially trained in the area of tinted windows or that he took any measurements of the light transmittance level through the window to support a finding the tinting reduced light transmittance and his clear view in violation of section 26708(a).

■■■■ Before looking at the evidence in the record, we preliminarily note we share the concern raised by amicus curiae[9] that this infraction statute, enacted for the safety of all those who travel upon the highways of this state, may be determined to be unconstitutional based solely upon a bare evidentiary record and the absence of scientific evidence. Specifically recognizing that the enforcement of section 26708(a) is by way of prosecution for infractions, that such infractions literally number in the millions and are handled with the most limited amount of public resources, often without a prosecutor present at or during the proceedings, we think it unreasonable for a court to expect the People to produce the kind of scientific evidence and resources that would ordinarily be appropriate for other forms of litigation. Therefore, some sense of practicality is required in

---

[8] The CHP memo recognizes so-called "clear" glass which is installed at the factory has a light transmittance of approximately 85 percent. It further notes commonly available after-factory tinting material would reduce the light transmittance of such glass below 70 percent. In any event, the after-factory substance, being a film, fails to meet federal hardness standards and is subject to scratching with attendant distortion of vision.

[9] While normally an appellate court will consider only questions raised by the appealing parties (see *Younger* v. *State of California* (1982) 137 Cal.App.3d 806, 813-814 [187 Cal.Rptr. 310]), because the subject of window tinting is of statewide importance and capable of being presented over and over again, we briefly comment on this issue raised by the Office of the Attorney General.

approaching the measure and type of proof for conviction in cases such as this.

As noted above, section 26708(a)(1) prohibits the use of any material upon the windshield or side windows, even though it might have been arguable that an undistorted, extremely light tint might not reduce the driver's clear view. Section 26708(a)(2) further prohibits a person from driving a motor vehicle with "any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle which obstructs or reduces the driver's clear view through the windshield or side windows. . . ," with certain exceptions. As we were informed at oral argument and as the administrative reports in the legislative history of section 26708(a) show, most manufactured vehicle glass will be somewhere in the neighborhood of the 70 percent light transmission area. The Legislature has recognized that this standard, regulated manufactured window will likely have a reduced light transmission when any film is applied to the surface, i.e., after-market tinting.

We expect that law enforcement officers enforcing this statute, based upon their training and experience with vehicles in general, will be able to examine a suspect vehicle, look through the windows if possible, and form an opinion as to whether or not the tinting on the windows obscures the light below the 70 percent margin. We don't call upon the officers to be scientists or carry around and use burdensome equipment to measure light transmittance, nor do we expect them to discuss the sufficiency or insufficiency of the light transmittance as if they were an expert witness on the subject.

Rather, a commonsense approach to the enforcement of this statute was envisioned by the Legislature. If an officer forms an opinion in a common-sense examination of a vehicle that there is a film placed upon the vehicle's windows in an unauthorized place or that light is obstructed in the fashion contemplated by the statute, such evidence will be sufficient to support conviction under section 26708(a) if the trial court believes the officer; no further evidence or scientific testimony need be presented.

Returning to the evidence in this case, Officer Wood testified he waved Niebauer over when he observed Niebauer driving with dark tinting on the side windows of his truck. He stopped him because the windows were darker than normal and he could only see Niebauer's outline through the window. After pulling him over, Wood inspected the windows and determined the tinting was a film that had been permanently affixed to the windows. While he admitted he had no training or expertise regarding light transmittance and did not take any light transmittance measurements from

inside Niebauer's truck, he stated that looking through the windows from where he stood outside the vehicle, his vision was obstructed.

Wood further testified he had stopped other drivers with the same type of tinting material on their vehicle windows and those drivers had to roll down their windows at night in order to see where they were turning.

■■ ■■■ Applying to these facts the well-established rules of appellate review for determining whether " ' "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . ." ' " (*People* v. *Rich* (1988) 45 Cal.3d 1036, 1081 [248 Cal.Rptr. 510, 755 P.2d 960], original italics), we conclude there is sufficient evidence in the record from which any reasonable fact finder could have found that Niebauer was driving with tinting material applied to the front windows of his truck which, as described by Officer Wood, reduced light transmittance and reduced Niebauer's clear view in violation of section 26708(a).[10] (See *People* v. *Provencio* (1989) 210 Cal.App.3d 290, 306 [258 Cal.Rptr. 330].)

## DISPOSITION

The judgment of the municipal court is affirmed.

Kremer, P. J., and Wiener, J., concurred.

---

[10] Although Niebauer does not make a Fourth Amendment challenge to the investigative stop by Officer Wood, the facts presented would also justify such a stop in this case. Wood testified to additional facts giving him reasonable suspicion Niebauer was driving with illegally tinted windows other than merely the bare statement Niebauer's truck had tinted windows. (*People* v. *Butler* (1988) 202 Cal.App.3d 602, 607 [248 Cal.Rptr. 887].)