*Supp. 3 Opinion
VICTOR, J.
This appeal of a conviction for driving a motor vehicle with after-market tinted windows in violation of Vehicle Code section 26101[1] is a legacy of this appellate department’s decision in People v. Fink (1985) 168 Cal.App.3d Supp. 15 [215 Cal.Rptr. 236]. In Fink we held that the window-tinting proscription under section 26708, subdivision (a) was unconstitutional as an undue burden on interstate commerce as applied to an Arizona resident driving a motor vehicle with tinted windows which did not violate Arizona state law. After Fink the California Highway Patrol in San Bernardino County issued window-tinting violations under section 26101 rather than the “unconstitutional” section 26708, subdivision (a). In the published portion of the decision in People v. Hutchinson (1989) 211 Cal.App.3d Supp. 9 [260 Cal.Rptr. 178], we rejected a Fink commerce clause attack on section 26101 and “in effect limited the holding in Fink to its own procedural facts.” (People v. Niebauer (1989) 214 Cal.App.3d 1278, 1289 [263 Cal.Rptr. 287].)
This appeal brings us full circle. The appellant contends that both Fink, supra, 168 Cal.App.3d Supp. 15, and Hutchinson, supra, 211 Cal.App.3d Supp. 9, are wrong in result and each should be overruled. He contends that section 26708, subdivision (a), held unconstitutional by Fink, is a special statute dealing with window tinting. Further, this special statute affords the appellant a defense through a medical condition exemption.[2] He then concludes that the trial court erred by not permitting him to raise this defense to the citation he received under section 26101, approved in Hutchinson. The respondent concurs that we should overrule Fink, noting that the Fourth District Court of Appeal, Division One, held section 26708 constitutional in People v. Niebauer, supra, 214 Cal.App.3d 1278.
*Supp. 4 In both People v. Hutchinson, supra, 211 Cal.App.3d at page Supp. 11, and People v. Niebauer, supra, 214 Cal.App.3d at page 1289, the Fink decision was implicitly permitted to die in dignity to join in benign repose those appellate decisions which are oft noted but never followed because limited to their peculiar facts. The parties and the trial court[3] are less forgiving and seek a public coup de grace. To avoid further mischief we explicitly overrule People v. Fink, supra, 168 Cal.App.3d Supp. 15.
We do not decide the issue sought to be raised by this appeal, that the appellant was improperly cited under section 26101 rather than section 26708. The appellant has not shown by an adequate appellate record the existence of all of the elements necessary to establish the medical-condition exemption to section 26708, subdivision (b)(10).[4] Given the state of the record, this court will not base an opinion on abstract propositions of law. (People v. Ybarra (1988) 206 Cal.App.3d 546, 549 [253 Cal.Rptr. 644].)
The judgment is affirmed.
Cole, J., and Ziebarth, J., concurred.

 Unless otherwise indicated, all statutory references are to the Vehicle Code.

 The pertinent provisions of section 26708 are as follows:
“(a)(1) No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied upon the windshield or side or rear windows.
“(2) No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle which obstructs or reduces the driver’s clear view through the windshield or side windows.
“[3](b) This section does not apply to:
“(10) Sun screening devices meeting the requirements of Section 26708.2 installed on the side windows on either side of the vehicle’s front seat, if the driver or a passenger in the front seat has in his or her possession a letter or other document signed by a licensed physician and surgeon certifying that the person must be shaded from the sun due to a medical condition, or has in his or her possession a letter or other document signed by a licensed optometrist certifying that the person must be shaded from the sun due to a visual condition. The devices authorized by this paragraph shall not be used during darkness.”

 The trial court noted in pertinent part in the record of oral proceedings that this appellate department has created circumstances which make it very difficult for a trial court to function in window-tinting cases because: “Our Appellate Department almost uniquely in the state declared one of these sections unconstitutional, thus it no longer exists for our use in this county. If it doesn’t exist in this county, then the general statute comes into play and controls these matters.”

 All that appears in the appellate record is a stipulation that the appellant does have a medical condition or an eye condition despite the trial court’s comment questioning whether that stipulation was sufficient to raise the defense.