19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan BARRAGAN, Defendant-Appellant.
 No. 93-10277.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Barragan appeals from his conviction, following a jury trial, for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Barragan contends that the district court erred by denying his motion to suppress evidence seized during a search of the car he was driving because (1) reasonable suspicion did not justify the initial stop of the car and (2) the scope of the stop violated the Fourth Amendment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Reasonable Suspicion
 
 
 4
 We review de novo the district court's conclusion that a brief investigatory stop comports with the Fourth Amendment. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). "An officer may make an investigatory stop if he is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person detained is engaged in criminal activity." Id.; see also United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir.1992), amended, 997 F.2d 1306 (9th Cir.1993). "[T]raffic violations constitute criminal conduct which is sufficient to support a brief investigatory stop." United States v. Baker, 850 F.2d 1365, 1368 (9th Cir.1988).
 
 
 5
 At 8:30 a.m. on July 28, 1991, Barragan was driving north in a white Nissan on Highway 97, a two-lane road without any center divider in Siskiyou County, California. California Highway Patrol Officer Richard Himbarger passed Barragan driving south. Himbarger noticed that that the Nissan's left and rear windows were tinted, and he could not see the driver or any passengers. Himbarger stopped the car. He mistakenly believed that all tinted windows violated California law. See Cal.Veh.Code Sec. 26708(a)(2) ("No person shall drive any motor vehicle with any ... material ... applied ... which obstructs or reduces the driver's clear view through the windshield or side windows."); Cal.Veh.Code Sec. 26708.5(b) (tinting permissible if "the glass complies with the motor vehicle safety standards of the United States Department of Transportation for safety glazing materials"); People v. Niebauer, 263 Cal.Rptr. 287, 294 (Cal.Ct.App.1989) (windows must permit at least seventy percent light transmission).
 
 
 6
 Barragan argues that Himbarger's mistake shows that he had no objective basis for believing that Barragan was committing a traffic violation. This argument lacks merit because Himbarger could not see any occupants through the car's tinted windows. Thus, he could reasonably have suspected that Barragan's view out also was obstructed, and that the tinting therefore violated Cal.Veh.Code Secs. 26708 and 26708.5. Accordingly, the district court did not err by finding that Himbarger's inability to see any occupants justified the stop. See Rodriguez, 976 F.2d at 594; Hernandez-Alvarado, 891 F.2d at 1416.
 
 II
 Scope of Stop
 
 7
 Barragan also contends that the scope of the stop violated the Fourth Amendment. This contention lacks merit.
 
 
 8
 "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." Florida v. Royer, 460 U.S. 491, 500 (1983). We consider "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." United States v. Sharpe, 470 U.S. 675, 686 (1985).
 
 
 9
 After Himbarger stopped Barragan, he asked to see his driver's license. As Barragan looked for his license, Himbarger saw a large amount of cash in his wallet. Barragan appeared nervous to Himbarger; his hands shook and he took short, rapid breaths. Himbarger saw three air fresheners in the car and a television on the back seat. After receiving the license, Himbarger asked Barragan if he owned the car. Barragan said it belonged to a friend. Himbarger asked who the friend was, and Barragan gave him the car registration.
 
 
 10
 Himbarger told Barragan he had stopped the car for having tinted windows and was going to issue a citation. At Himbarger's request, Barragan accompanied him to his patrol car. Himbarger wrote up the citation and at 8:37 a.m. called a police dispatcher to ask whether Barragan's license was valid. In response to Himbarger's questions, Barragan said he was travelling to Washington to look for work picking apples and was bringing the television to his mother, who lived in Washington. At about 8:50 a.m., approximately twenty minutes after Himbarger first saw Barragan's car, he received the information that Barragan's license had been suspended. Himbarger then sought and obtained Barragan's consent to search the car. During the search, he found cocaine.
 
 
 11
 Barragan argues that Himbarger's failure to investigate the window tinting any further shows that the stop lasted longer than was necessary. He argues that Himbarger could have spent one minute looking through the windows to determine visibility, rather than twenty minutes investigating his driver's license and the car registration and questioning him about his journey. We disagree. Because the purpose of the stop was to cite Barragan for driving a car with tinted windows, it was reasonable for Himbarger to spend a few minutes investigating his driver's license and the car registration. See Sharpe, 470 U.S. at 687 (twenty-minute stop found reasonable). Accordingly, the district court did not err by denying Barragan's suppression motion. See Hernandez-Alvarado, 891 F.2d at 1416.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3