Filed 5/19/16  P. v. Flores CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID JAIME FLORES,<br><br>    Defendant and Appellant. | B263745<br><br>(Los Angeles County<br>Super. Ct. No. GA095145) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Jon R. Takasugi, Judge.  Affirmed.

Janet J. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, and Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

David Jaime Flores (defendant) appeals his conviction for drug offenses on the ground that the trial court wrongly denied his motion to suppress the search of his car in which the drugs were found. We conclude there was no error, and affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.      Facts

Around 9 p.m. on the evening of April 18, 2014, defendant was driving his truck in the City of Monrovia. Two Los Angeles County Sheriff's Deputies pulled up behind his truck in a patrol car. A computer search revealed that the truck's vehicle registration had expired. One of the deputies saw that the truck had darkly tinted windows. As they continued to follow the truck, defendant did not use his turn signal when making a right turn after stopping at a stop sign. The deputies initiated a traffic stop.

One of the deputies, Deputy Adrian Ruiz (Deputy Ruiz) approached defendant's truck from the passenger side. As he did, he saw a sticker affixed to the truck's rear window indicating an extension of the vehicle's registration. As he approached the passenger compartment, he confirmed that the windows had dark tinting, although he could not determine whether the tinting had been factory-installed in the car or applied "after market." Deputy Ruiz used his flashlight to look into the passenger compartment. When he did, he saw an open can of alcohol as well as several little baggies in the visor behind the rear view mirror console. In his training and experience, Deputy Ruiz believed the baggies were "indicative" of narcotics trafficking. Defendant was the only person in the truck.

The deputies detained defendant in the back of the patrol car; around the same time, they ran his name through their patrol car computer and learned that he was then on probation for a drug-related crime. The computer did not indicate whether he was subject to search by law enforcement as a condition of his probation.

Within minutes of detaining him, Deputy Ruiz searched the truck. He found a digital scale behind the rearview mirror console along with the baggies as well as 10 plastic baggies containing methamphetamine and one big bag of methamphetamine beneath the center of the truck's front bench seat. Defendant had $529 in cash on his

person.  After waiving his *Miranda*[1] rights, defendant admitted that he was bringing the methamphetamine to work with him in San Diego.

## II.    Procedural History

The People charged defendant with (1) possessing a controlled substance for sale (Health & Saf. Code, § 11378), and (2) selling, offering to sell, or transporting a controlled substance (Health & Safety Code, § 11379, subd. (a)).  The People further alleged that he had served a prison term for his 2012 conviction for possession of a controlled substance.  (Pen. Code, § 667.5, subd. (b).)

Defendant moved to suppress the drugs found in his truck.  Following an evidentiary hearing, the trial court denied the motion.  The court reasoned that the deputies had three lawful bases for stopping defendant—the expired registration tags, the dark window tinting, and his failure to signal.  Although the sticker Deputy Ruiz found on the truck's rear window dispelled the first reason for the stop, the court concluded that last two bases remained viable.  Indeed, the court looked at photographs of the truck's windows, and found that it was "very, very clear . . . that the tint on the window is very, very dark."  The court then noted that Officer Ruiz could, with the aid of his flashlight, see the baggies and open container of alcohol in plain view.  The court upheld the search because there was probable cause to search the vehicle and because the deputies had learned that defendant was on probation before starting the search.

Defendant proceeded to trial by jury, and was convicted on all counts.  The trial court sentenced defendant to three years in jail on the transporting count; the court stayed a two-year sentence on the possession for sale count under Penal Code section 654.[2]

Defendant timely appeals.

---

[1]    *Miranda v. Arizona* (1966) 384 U.S. 436.

[2]    It is unclear from the record what happened with the prior prison term allegation, although the trial court did not impose any sentence for it.

**DISCUSSION**

Defendant argues that the trial court wrongly denied his motion to suppress. A defendant may seek suppression of evidence on the ground that a "search or seizure without a warrant was unreasonable." (Pen. Code, § 1538.5, subd. (a)(1)(A).) Where a search is conducted without a warrant, the People have the burden of establishing that the search is constitutionally valid. (*People v. Redd* (2010) 48 Cal.4th 691, 719.) In reviewing a trial court's ruling on a suppression motion, we defer to the court's factual findings by reviewing them for substantial evidence (*ibid.*) but do not defer to its conclusions as to whether the search was lawful (*ibid.*; *People v. Durant* (2012) 205 Cal.App.4th 57, 62). We can affirm the court's ruling on any ground supported by the record (*Durant*, at p. 62; *In re Rafael C.* (2016) 245 Cal.App.4th 1288, 1300, fn. 5), unless it is a ground on which additional evidence could have been adduced (*Robey v. Superior Court* (2013) 56 Cal.4th 1218, 1242; *Green v. Superior Court* (1985) 40 Cal.3d 126, 137-138).

We will apply these standards to each of the three acts defendant challenges—namely, the lawfulness of (1) the initial stop of his truck, (2) his detention, and (3) the search of his truck.

**I.      Stop of Truck**

Under the Fourth Amendment, law enforcement officers may stop a motorist if they have probable cause or reasonable suspicion to believe that the driver has violated the law. (*People v. Evans* (2011) 200 Cal.App.4th 735, 743 (*Evans*) [probable cause]; *People v. Wells* (2006) 38 Cal.4th 1078, 1082 [reasonable suspicion].) In this case, the deputies had probable cause and reasonable suspicion to believe that defendant had violated three laws: (1) the law requiring valid vehicle registration (Veh. Code, §§ 5200-5205.5); (2) the law requiring that a person not drive with window tinting that "alters the color or reduces the light transmittance of the windshield or side or rear windows" (Veh. Code, §§ 26708 & 26708.5); and (3) the law requiring turn signals "in the event any other vehicle may be affected by the movement" of the car (Veh. Code, § 22107).

4

Although the presence of the registration extension sticker dispelled the deputies' first basis for the stop (e.g., *People v. Celis* (2004) 33 Cal.4th 667, 674-675 [stop may last no longer than time it takes law enforcement officers to "diligently" confirm or dispel their suspicions that justified the stop]), the remaining two bases remained valid. With respect to tinting, courts are to take a "common sense approach" (*People v. Niebauer* (1989) 214 Cal.App.3d 1278, 1292), and the trial court's factual finding that the tinting on defendant's truck windows was "very, very dark" is amply supported by the court's review of the photographs of the windows. Defendant argues that there was no proof that the tinting was installed "after market," but that is not the relevant test. With respect to the turn signal, the fact that the deputies' patrol car was behind defendant's truck when he did not signal is enough to "affect" "[an]other vehicle." (*People v. Logsdon* (2008) 164 Cal.App.4th 741, 744; *People v. Suff* (2014) 58 Cal.4th 1013, 1055-1056.)

## II.     Detention of Defendant

Under the Fourth Amendment, law enforcement officers may effect a warrantless arrest of a person upon a showing of probable cause to believe that they have committed a public offense, even if that offense is a misdemeanor punishable only by a fine. (*People v. McKay* (2002) 27 Cal.4th 601, 605; *Atwater v. City of Lago Vista* (2001) 532 U.S. 318, 323.) We need not decide whether defendant's placement amounted to an "arrest" or was instead some lesser form of Fourth Amendment "seizure" because, even if it were an arrest, the deputies had probable cause to believe that defendant had committed the misdemeanor of having an open container of alcohol in the truck. (Veh. Code, § 23222, subd. (a); Pen. Code, § 17, subd. (a) [offense not designated as an infraction or felony is a misdemeanor].)

## III.    Search of Truck

Under the Fourth Amendment, law enforcement officers may lawfully search a vehicle without a warrant in a number of circumstances.

Under the so-called "automobile exception," "a law enforcement officer may search a vehicle when he or she has probable cause to believe it contains contraband or evidence of a crime." (*People v. Waxler* (2014) 224 Cal.App.4th 712, 715-716.) In this

5

case, we agree with the trial court that the deputies had probable cause to believe that defendant's truck contained drugs (which is both a type of contraband and evidence of a crime). By the time they searched the car, they knew defendant had baggies indicative of narcotics transactions in his truck and also knew that he was on probation for a narcotics-related crime. Each is relevant to show probable cause. (E.g., *People v. Sandoval* (1985) 164 Cal.App.3d 958, 965 [drug paraphernalia provides probable cause to search vehicle for drugs]; *People v. Aho* (1985) 166 Cal.App.3d 984, 992 ["a suspect's narcotic arrest record always has been considered relevant to the magistrate's determination of probable cause"].) Viewed together, they supplied the requisite probable cause for the search.

Defendant argues that the search was not a valid search incident to arrest (*Evans*, *supra*, 200 Cal.App.4th at p. 745, quoting *Davis v. United States* (2011) 564 U.S. 229, 235), or a valid probation search (*People v. Schmitz* (2012) 55 Cal.4th 909, 918). We need not decide these issues because the validity of the automobile exception is sufficient to uphold the trial court's ruling.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
HOFFSTADT

We concur:

_____, Acting P.J.
ASHMANN-GERST


_____, J.
CHAVEZ

6