**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42699**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 48 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KARLIE LYNN MEYER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order of the district court withholding judgment for felony possession of methamphetamine, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender; Jay W. Logsdon, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Karlie Lynn Meyer appeals from the district court's order withholding judgment for felony possession of methamphetamine. On appeal, Meyer argues that the district court erred by denying her motion to suppress. For the reasons that follow, we affirm.

**I.**

**FACTS AND PROCEDURE**

A Kootenai County Sheriff's Deputy (the deputy) was sitting in a parking lot, talking with another deputy, when he heard "a loud exhaust," and the deputy discerned that the sound was coming from a white Pontiac driving on a road approximately 200 feet away. According to the deputy, the sound emitted by that car was about five or six points on a ten-point scale, with ten being the loudest, whereas other cars on the road were producing a sound of two or three points on the same scale. The sound was also louder than a newer-model Pontiac that the deputy

1

had previously owned. The deputy pulled over the louder-than-normal car and talked with Meyer, who was driving the car.

At the car, the deputy asked Meyer some questions, and the deputy recalled that Meyer broke eye contact with him when he asked her "if she had any guns, drugs or chopped up small people [in the car]." Upon learning that Meyer's driving privileges were suspended, the deputy asked Meyer to step out of the vehicle and then talked with her outside the car. At some point, the deputy asked Meyer how much marijuana was in the car, and Meyer responded that there was a small amount of marijuana and a marijuana pipe in the car. The deputy then searched the vehicle and found marijuana, a pipe, and methamphetamine.

The State later charged Meyer by information with possession of methamphetamine, possession of marijuana, possession of drug paraphernalia, and driving without privileges. Meyer moved to suppress the evidence, contending that the stop, questioning, and search were unlawful. The district court held a suppression hearing at which the deputy testified for the State and at which a former boyfriend of Meyer testified for the defense. Relevant to this appeal, the district court issued an oral pronouncement determining that the stop was supported by reasonable suspicion because the deputy identified Meyer's car as producing a louder sound than other cars on the road. Meyer later pled guilty to possessing methamphetamine, and the State, as part of its plea agreement, dismissed the other counts. The district court entered an order withholding judgment, and Meyer appeals.

## II.

## ANALYSIS

On appeal, Meyer argues that the district court erred by denying her motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

Specifically, Meyer contends that the deputy lacked reasonable suspicion that her car's exhaust was too loud or that her car's muffler was defective. The State maintains that the deputy had reasonable suspicion to stop Meyer. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The statute at the heart of this appeal, I.C. § 49-937(1), provides that "every motor vehicle shall at all times be equipped with a muffler in good working order and in constant operation to prevent excessive or unusual noise and annoying smoke." Excessive or unusual noise refers to the sound made by a passenger motor vehicle at any time under any condition that exceeds 92 decibels, unless a lower decibel level is set by the board of health and welfare. I.C. § 49-106(7). Subsection (1) of I.C. § 49-937 also proscribes a person from using a muffler cut-out, bypass, or similar device on a motor vehicle that is being operated on a highway. I.C. § 49-937(1). In addition, the statute requires that a person maintain the noise suppressing system in good working order, if such a system was originally equipped on the vehicle. *Id.* Finally, the State may make a prima facie showing of a violation of I.C. § 49-937(1) if it demonstrates that the sound made by the defendant's passenger motor vehicle exceeded 92 decibels. *State v. Shearer*, 136 Idaho 217, 220, 30 P.3d 995, 998 (Ct. App. 2001); *see* I.C. § 49-937(4).

Here, the district court credited the deputy's testimony that the deputy identified Meyer's car as making a louder-than-normal exhaust noise when the vehicle was 200 feet away from the deputy. Specifically, the deputy recalled that a normal car would produce a sound of two or

3

three points on a ten-point scale, whereas Meyer's car was producing a sound of five or six points on the same scale. Taken together, these facts give rise to a particularized and objective basis for suspecting that the white Pontiac, driven by Meyer, was in violation of I.C. § 49-937(1), and thus the deputy acquired reasonable suspicion to stop the car. *See Navarette v. California*, ___ U.S. ___, ___, 134 S. Ct. 1683, 1687 (2014) (explaining that traffic stops, like other brief investigative stops, must be supported by a particularized and objective basis for suspecting the person stopped of criminal activity).

Meyer, however, argues that the deputy should have provided expert testimony about the muffler or the sound it emitted, or evidence of what a device measured the sound level of Meyer's vehicle's exhaust to be. In support of her argument, Meyer cites to *State v. Estes*, 148 Idaho 345, 223 P.3d 287 (Ct. App. 2009), but that case addressed whether an officer's visual estimation of speed was sufficient to prove a violation *beyond a reasonable doubt*.[1] Whether an officer's estimation of the auditory level of a defendant's exhaust would ever provide proof beyond a reasonable doubt of a violation of I.C. § 49-937(1) is not before this Court and we express no opinion on that issue.

Instead, the issue before this Court is whether reasonable suspicion existed for the deputy to conduct an investigatory stop of the white Pontiac. Reasonable suspicion is derived from what an officer observes and interprets based upon the officer's training and experience. "[T]he law does not require that every police officer have with him a narcotics sniffing dog, a panoramic breathylizer [*sic*], a radar gun, or a decibel counter to verify what he smells or sees or hears." *State v. Cobbs*, 411 So. 2d 212, 213 (Fla. Dist. Ct. App. 1982); *cf. People v. Neibauer*, 263 Cal. Rptr. 287, 295 (Ct. App. 1989) ("We don't call upon the officers to be scientists or carry around and use burdensome equipment to measure light transmittance, nor do we expect them to discuss the sufficiency or insufficiency of the light transmittance as if they were an expert witness on the subject."). In reaching the conclusion that we do, that an officer's auditory perception of a loud muffler gives rise to reasonable suspicion, we join other states that have also reached this conclusion. *E.g.*, *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997) ("Miller testified that she heard Kinkead's muffler clearly despite the fact that her windows were up and her police radio

---

[1]    In *State v. Estes*, 148 Idaho 345, 348-49, 233 P.3d 287, 290-91 (Ct. App. 2009), we held that the evidentiary record *in that case* did not prove beyond a reasonable doubt that Estes's vehicle was travelling above the speed limit, but "[w]e [did] not hold . . . that an officer's estimate can never be sufficient to prove a speeding infraction."

4

was on. That auditory perception gave Miller reasonable suspicion to believe Kinkead's vehicle violated Iowa Code section 321.436."); *State v. Beyer*, 441 N.W.2d 919, 922 (N.D. 1989) (holding that the officer had reasonable suspicion to stop Beyer when the officer testified that the vehicle was quite loud and that "Beyer's vehicle was 'louder than the other vehicles or normal vehicles that are driving around' and that it was 'backfiring quite loud . . . a number of times'").

In short, the deputy's testimony that he was able to identify Meyer's vehicle as producing an exhaust noise louder than that of other cars provided reasonable suspicion that Meyer's car was in violation of I.C. § 49-937(1). Thus, the district court correctly denied Meyer's motion to suppress, and the district court's order withholding judgment is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.