**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45820**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 4, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KAIRA NOELLE SOUTHWORTH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Kaira Noelle Southworth appeals from her judgment of conviction for felony driving under the influence (DUI). Southworth argues that the district court erred in denying her motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer initiated a traffic stop of a vehicle driven by Southworth because the officer believed Southworth made an illegal lane change and because her muffler was excessively noisy. After speaking with Southworth, the officer suspected Southworth was driving under the influence of alcohol. As a result, the officer had Southworth perform field sobriety tests and ultimately arrested her for DUI.

1

The State charged Southworth with felony DUI. I.C. §§ 18-8004 and 18-8005(6). Southworth filed a motion to suppress, arguing that the officer lacked reasonable suspicion to initiate the traffic stop. The district court denied the motion, concluding the officer had reasonable suspicion Southworth violated traffic laws governing muffler noise and lane changes. Subsequently, Southworth entered a conditional guilty plea to DUI, reserving her right to appeal the denial of her motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Southworth argues that the district court erred in denying her motion to suppress because the officer lacked reasonable suspicion to conduct a traffic stop. Specifically, Southworth contends that the lane change the officer observed was lawful and that the officer lacked specific, articulable facts that the muffler on Southworth's vehicle constituted an equipment violation. The State responds that the district court correctly concluded the officer had reasonable suspicion to stop Southworth for an illegal lane change and an equipment violation. We hold that there was reasonable suspicion to stop Southworth for a violation of Idaho's muffler noise statute, I.C. § 49-937.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if

2

there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

During the suppression hearing, the officer testified that he was familiar with the model of vehicle Southworth was driving and that her vehicle was "clearly louder than . . . most of if not a high percentage of" vehicles of the same or similar model. When asked whether Southworth's vehicle sounded "much louder" than other vehicles of the same model, the officer testified that Southworth's vehicle was "definitely louder." Based upon this unrefuted testimony, the district court found the officer was justified in stopping Southworth for a violation of I.C. § 49-937. On appeal, Southworth contends that the officer's auditory perceptions in this case were insufficient to support reasonable suspicion. Our prior decision in *State v. Meyer*, 158 Idaho 953, 956, 354 P.3d 515, 518 (Ct. App. 2015) governs our analysis of this contention.

Like Southworth, the defendant in *Meyer* was subject to a traffic stop due to "a loud exhaust" in violation of I.C. § 49-937. *Meyer*, 158 Idaho at 954, 354 P.3d at 516. In addressing Meyer's argument that the officer lacked reasonable suspicion that her car's exhaust was too loud or that her car's muffler was defective, this Court stated:

> Here, the district court credited the deputy's testimony that the deputy identified Meyer's car as making a louder-than-normal exhaust noise when the vehicle was 200 feet away from the deputy. Specifically, the deputy recalled that a normal car would produce a sound of two or three points on a ten-point scale, whereas Meyer's car was producing a sound of five or six points on the same scale. Taken together, these facts give rise to a particularized and objective basis for suspecting that the white Pontiac, driven by Meyer, was in violation of I.C. § 49-937(1), and thus the deputy acquired reasonable suspicion to stop the car.

*Meyer*, 158 Idaho at 955, 354 P.3d at 517.

This Court also rejected Meyers' argument that the deputy should have provided expert testimony about the muffler or the sound it emitted or evidence of what a device measured the sound level of Meyer's vehicle's exhaust to be. *Id.* In doing so, the Court emphasized that the question was not whether the facts articulated by the officer in support of the traffic stop were sufficient to prove a violation of I.C. § 49-937 beyond a reasonable doubt. Rather, the question was whether there was reasonable suspicion to support a traffic stop. The Court held that an officer's auditory perception of a loud muffler gives rise to reasonable suspicion. *Meyer*, 158 Idaho at 956, 354 P.3d at 518.

As in *Meyer*, the officer's auditory perception that Southworth was operating a vehicle with a loud muffler was sufficient to provide reasonable suspicion to conduct a traffic stop. In this case, the district court credited the officer's testimony that he heard the muffler noise from Southworth's vehicle while stopped just behind it in the neighboring traffic lane. Based upon his past experience, the officer believed Southworth's vehicle was "clearly" louder than similar vehicles. These facts, considered in light of the totality of the circumstances, were sufficient to support a reasonable suspicion of a violation of I.C. § 49-937.

We are unpersuaded by Southworth's argument that the principle from *Meyer*, that an officer's auditory perception provides reasonable suspicion, does not apply to the facts of Southworth's case. Southworth's argument in this regard is premised on the facts from *Meyer* that the officer heard the loud muffler from 200 feet away and rated how loud the muffler was using a point scale. Conversely, Southworth argues, the officer in this case was "just one lane over" when he noticed the muffler noise, did not say "how much louder" the vehicle was, and did not know the decibel level that would violate the statute. However, the reasonable suspicion principle stated in *Meyer* was not dependent on the numerical values assigned to the officer's distance from the vehicle or on the use of a descriptive point scale regarding volume. Accordingly, the factual distinctions between this case and *Meyer* are inconsequential.

The facts found by the district court, considered in light of the totality of the circumstances, support a reasonable suspicion that Southworth violated I.C. § 49-937.

4

Therefore, the officer lawfully conducted a traffic stop of Southworth's vehicle. Southworth has failed to show the district court erred in denying her motion to suppress.[1]

## IV.

## CONCLUSION

The district court correctly concluded that law enforcement had reasonable suspicion to stop the vehicle Southworth was driving. Thus, Southworth has failed to show that the district court erred in denying her motion to suppress. Accordingly, Southworth's judgment of conviction for felony DUI is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

---

[1]     Because we affirm the district court's denial of Southworth's motion to suppress based upon reasonable suspicion of a violation of I.C. § 49-937, it is unnecessary for us to consider whether Southworth violated any traffic laws governing lane changes. *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998) (observing that a lower court ruling supported by two independent, alternative grounds can be affirmed on either ground).